Case: 24-5192     Document: 12     Filed: 05/09/2024     Page: 1

Case No. 24-5192

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RECEIVED

MAR 25 2024

KELLY L. STEPHENS, Clerk **UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**DENNIS BOLZE,**

**Defendant-Appellant.**

On appeal from the United States District Court
for the Eastern District of Tennessee

## APPELLANT'S OPENING APPELLATE BRIEF

Dennis R. Bolze
Pro se
Reg. No. 14825-067
FCI Coleman Camp
P.O. Box 1027
Coleman, FL 33521-1027

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................... ii

STATEMENT REGARDING ORAL ARGUMENT............................. 1

STATEMENT OF JURISDICTION..................................... 1

STATEMENT OF THE ISSUE....................................... 1

STATEMENT OF CASE............................................ 2

SUMMARY OF ARGUMENT......................................... 4

ARGUMENT.................................................... 5

CONCLUSION.................................................. 8

CERTIFICATE OF SERVICE....................................... 9

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS.............. 10

# TABLE OF AUTHORITIES

CASES:

Carnley v. Cochan, 369 U.S. 506, 516......................... 3

Ayers v. Hall, 900 F. 3d 829, 835 (6th Cir. 2018).......... 3,7

United States v. Bostic, 371 F. 3d 865, 872-73.............. 4

United States v. Goddard, U.S. App. LEXIS 5277 (6th Cir. 2020) 6

United States v. Marshall, 954 F. 3d 823, 829 (6th Cir. 2020). 1

United States v. Penson, 526 F. 3d 331, 335 (6th Cir. 2008)... 7

United States v. Robinson, 368 F.3d 653, 655 (6th Cir. 2004).. 6

United States v. Vonner, 516 F. 3d 382, 386 (6th Cir. 2008)... 4

STATUTES:

28 U.S.C. §1291............................................. 1

Tenn. Code Ann. §67-1-140(d)............................... 2

Tenn. Code Ann. §8-14-206(a)-(b)........................... 2,3

OTHER AUTHORITIES:

Fed. R. Crim. P. Rule 36............................... passim

E.D. Tenn. Local Rule 83.9................................. 5,6

U.S.S.G. Chapter 5, Part A................................. 4

# STATEMENT REGARDING ORAL ARGUMENT

Appellant Dennis Roger Bolze appeals pro se from the denial of his most recent motion under Federal Rules of Criminal Procedural ("Fed. R. Crim. P.") Rule 36.   Oral argument is not requested.

# STATEMENT OF JURISDICTION

The District Court had jurisdiction under Fed. R. Crim. P. 36 to review the motion brought by a federally incarcerated inmate, and the Court has jurisdiction under 28 U.S.C. § 1291 to review District Court's decision and final order.   See United States v. Marshall, 954 F. 3d 823, 829 (6th Cir. 2020).

# STATEMENT OF THE ISSUE

Appellant had sought a correction of a scrivener's recording error in his Presentence Investigation Report ("PSR").   There can be no legal question or denial that the Court may at any time correct a clerical error in a judgment, order, or other part of the record. Courts have acknowledged that the PSR, the type of record at issue here, does constitute an "other part of the record" amendable to correction under Fed. R. Crim. P. 36.   The District Court was clearly wrong in declining to do so based on the un-disputed evidence of a error in the Judgment's record.   The United States did not file an answer in opposing correction.   Thereby, did the District Court wrongly exercise or abuse its discretion in not correcting the clearly plain error according to the facts, evidence, and law provided?

-1-

# STATEMENT OF THE CASE

On May 30, 2001, Appellant was indicted for Failure to File Sales Tax Return in the state of Tennessee under Tenn. Code Ann. §67-1-140(d), a Class E felony. On July 2, 2001, the Certified State Court's trial record indicated Bolze appeared at arraignment **without** counsel. The record further indicated he wanted counsel and was "[a]llowed 15 days to retain counsel." ROA-1; Doc.274 (Rule 36 Mot. at p.3 citing Exh.A at p.27 (Circuit Criminal Court Arraignment form)).

On August 28, 2001, without the presence of retained counsel, the State offered Appellant a plea prior to the hearing. Appellant agreed to the terms and executed the plea agreement **without** any retained counsel or otherwise. Id. at p. 29. The United States has not attempted to dispute this fact.

Without the presence of legal representation, without a _Faretta_ styled hearing, and without authenticating a knowing waiver of right of counsel either prior to arraignment or prior to accepting the plea as mandated by state law The state court violated Appellant's constitutional rights of right of counsel and his right against self-incrimination by accepting an un-knowingly executed plea and in its sentencing Appellant at that time. Id. at pp. 1-5, 29-47.

As a direct result, the state court acted contrary to both Federal and state law and by doing so, the 2001 state conviction **is** constitutionally infirm and void. See Tenn. Code Ann. §8-14-206(a)-(b). The United States did not dispute this legal premise either.

-2-

In 2010, prior to Federal sentencing, the United States Probation Office ("USPO") committing a clearly plain recording error in recording that "[d]efendant was represented by counsel," which, based on the entire Certified State record was entirely and completely false and, in turn, affected the outcome of the proceedings. ROA-1 Doc. 274 (Rule 36 Mot. at pp.4-5).

HAD the USPO actually attempted to obtain the easily available record from the 2001 state conviction, there is more than a reasonable probability she would have been alerted to the fact that Bolze advanced in self-representation (despite wanting counsel) and most important, the trial record confirmed he do so by - first, without waiving his right of counsel and without waiving his right against self-incrimina-tion. A clear violation of both Federal and state law. See example, ROA-1 Doc. 274 (Rule 36 Mot. at n.1 (quoting TCA §8-14-206(a)-(b).

This critical legal fact is because the law states that "[t]he record must show, or there must be allegation and evidence which show, that an accused was offered counsel, but intellingently and under-standably rejected the offer, and anything less is not a waiver." "Presuming waiver [of the right of counesl] from a silent record is impermissable." ROA-1 Doc. 274 (Rule 36 Mot. at p.7 quoting Ayers v. Hall, 900 F. 3d 829, 835 (6th Cir. 2018) (quoting Carnley v. Cochan, 369 U.S. 506, 516 82 S. Ct. 884, 8 L. Ed. 2d 70 (1962); see also Id. pp.3-5 citing Exhibit A, pp.1-5 (Certified Docket Statement) and Exh. A, p.27 (Arraignment form) (Emphasis and underline added).

The USPO's unchallenged recording error (not an error by the

-3-

Court itself), resulted in an improper, prejudical increase in the criminal history scoring from 3-points (category II) to 4-points (category III).    The sentencing Court rendered a 327-month sentence, the high-end of its within sentencing Guidelines range calculus under offense level 37, category III - i.e., 262 to 327 months.  See Doc. 92 (judgment); see also U.S.S.G. Chapter 5, Part A (Sentencing Table).

As a result, in this case "[a] procedural challenge to the sentence would face 'plain error' review because [Appellant's] counsel declined to raise any objection to the sentence when afforded the opportunity to do so by the district court at the conclusion of the sentencing hearing." United States v. Vonner, 516 F. 3d 382, 386 (6th Cir. 2008)(en banc); United States v. Bostic, 371 F. 3d 865, 872-73 (6th Cir. 2004); see also Doc. 92 (Sent. Hr'g. Tr. at PageId 1408: 10-16).    The resulting term of imprisonment was improperly enhanced by as much as 92-months with the inclusion of the constitutionally infirm and void conviction and plainly affected Appellant's substantial rights of due process under plain error review.

Here, the United States had clearly been served notice on two separate occasions and never filed an answer in opposition to have the Judgment ("PSR") corrected or for the Court to resentence Appellant based on satisfying the plain error doctrine.

## SUMMARY OF ARGUMENT

The district court abused its discretion by mis-reading the law, evidence presented, and the argument regarding the significant plain procedural error at sentencing and by doing so, the district court

-4-

interpretation of its Local Rule 83.9 and settled law barred it from correcting the scrivener recording error and resentencing Bolze without the constitutional infirm and void 2001 state conviction. This Court should affirm this clear plain error and remand accordingly for resentencing by re-assigning to another district judge.

## ARGUMENT

Since being sentenced in 2010, the Appellant's Judgment record has stated that in 2001 he was convicted in state court where the "Defendant was represented by counsel." See PSR at ¶184. This is an incorrect judgment.

Appellant filed a Motion to Correct Clerical Error Pursuant to Fed. R. Crim. P. Rule 36, back to the sentencing court. ROA-1 Doc. 274 (Rule 36 Mot.). Courts have found that errors in the Judgment ("PSR") record affects an accused substantial rights of due process and may be corrected "at any time" and making the defendant eligible for resentencing by satisfying the plain error doctrine. Id. at p.6. Appellant had met this standard.

Despite this, District Judge Thomas Varlan held that under its Local Rule 83.9 "[i]s the period during which defendant may object to the information contained or errors in the PSR...Now, over ten years after judgment was entered the time for objections has passed," and "because the Defendant attempts to be resentenced under Rule 36, it was an improper motion." ROA-2 Doc. 276 (Ct. Or. at PageId 5413). The District Judge was wrong.

First, Local Rule 83.9 involves only pre-sentencing matters with

-5-

a set period to time to seek a recording error in the PSR; whereas, clearly, in a Fed R. Crim. P. Rule 36 motion, a recording error "may be corrected at any time." Fed R. Crim. P. 36.   Appellant sought just such an outcome.  ROA-1 Doc. 274 (Rule 36 Mot.).

Second, the District Judge found "[d]efendant previously raised this exact argument in a Rule 36 Motion [Doc. 218]" and "for the same reason, defendant's motion is denied."  ROA-2 Doc. 276 (Ct. Or. at PageId 5413-14).   The District Judge was clearly wrong.   There is a stark difference beteen the two motions.  The second motion was pursued under "plain error doctrine" as had Goddard to obtain correction of a clear recording error in the Judgment record and be resentenced accordingly.

Third, the motion was correctly styled in stating "[R]ule 36 Provides Correction of Judgment and Sentence."  Id. at pp.6-8. Despite this fact the Judge may not agree with Sixth Circuit's cited cases under United States v. Goddard, No. 19-5834, U.S. App. LEXIS 5277 (6th Cir. Feb. 20, 2020), the bottom line is Rule 36 requires the Judgment "(PSR)" record to be corrected.

Surely, when reviewing the district court's denial of Rule 36 motion, the Sixth Circuit reviews the district court factual findings for clear error and its legal conclusions de novo.  United States v. Robinson, 368 F. 3d 653, 655-56 (6th Cir. 2004).   Under Rule 36, a district court "may at any time" correct a clerical error in a judgment or in the record arising from an oversight or omission.  Fed. R. Crim. P. 36.  To qualify for correction under Rule 36, "[a] clerical must not be one of judgment or even of misidentification, but merely

-6-

of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." United States v. Penson, 526 F. 3d 331, 335 (6th Cir. 2008)(quoting Robinson, 368 F. 3d at 656).

Thus, the district court erred when it denied Appellant's Request to correct his judgment of conviction and sentence to reflect accurately his prior offense and resulting prejudical punishment. Because Rule 36 allows for the correction of a clerical recording error, the Judgment's PSR record in this matter should be corrected. See Goddard, 2020 U.S. App. LEXIS 5277 at *3. The United States has offered no persuasive applellate court authority to uphold the denial of a motion to correct and plain error concerning Appellant's prior conviction.

The district court clearly and plainly erred when it denied the Appellant's request to correct his Judgment "PSR" record of conviction and sentence to reflect accurately his prior 2001 Tennessee infirm conviction.   It cannot be disputed that Appellant's Judgment "PSR" record of conviction and sentence incorrectly indicated that the "[D]efendant was represented by counsel" when in fact, he proceeded in self-representation without a record of a valid waiver of right of counsel and without a valid waiver of right against self-incrimination, rendering the state conviction void for Federal sentencing purposes. See ROA-1 Doc. 274 (Rule 36 at pp.6-7).

As in Goddard, here, Appellant also "expressly stated that 'not only [is he] entitled to have his  error corrected, but...he is also eligible under the plain error doctrine to be resentenced minus" the 2001 state of Tennessee un-waived rights conviction under Ayers v. Hall, 900 F. 3d 829, 835 (6th Cir. 2018) citing U.S. Supreme Court

-7-

holding on this matter.  ROA-1 Doc. 274 (Rule 36 at pp.5-8).

Finally, the scrivener recoding error in Appellant's Judgment "PSR" record of conviction is exactly the type of typographical error comtemplated by Rule 36 and should have been corrected upon the filing of Appellant's motion.  Goddard, 2020 U.S. App. LEXIS 5277 at *4.

## CONCLUSION

WHEREFORE, based on the foregoing, Appellant prays this Court will reverse the district court's Rule 36 motion denial, correct the Judgment's recording error, with directions to resentence Appellant without the 2001 state of Tennessee felony conviction criminal history enhancement or what other relief the Court deems appropriate and just.

Dennis Roger Bolze, pro se
Reg. No. 14825-067
FCI Coleman Camp
P.O. BOx 1027
Coleman, Fl 33521-1027

# CERTIFICATE OF SERVICE

I certify that, on March 21, 2024, this brief was delivered to prison authorities for forwarding to the U.S. Court of Appeals and to the Office of the United States' Attorney Office by U.S. Postal Services Priority Mail prepaid.

_____

Dennis R. Bolze, pro se

U.S. Court of Appeals' Priority Mail #

USPS TRACKING #    **9114 9014 9645 0625 7119 00**
& CUSTOMER         For Tracking or inquiries go to USPS.com
RECEIPT            or call 1-800-222-1811.

U.S. Attorney's Office, Knoxville, TN Priority Mail #

USPS TRACKING #    **9114 9014 9645 0625 7117 33**
& CUSTOMER         For Tracking or inquiries go to USPS.com
RECEIPT            or call 1-800-222-1811.

RECEIVED

MAR 25 2024

KELLY L. STEPHENS, Clerk

EXHIBIT A

Doc. 274 (Rule 36 Motion)

FILED

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
(KNOXVILLE DIVISION)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No: 3:09-CR-093-TAV-CCS

DENNIS ROGER BOLZE,

        Defendant.

_____/

## DEFENDANT MOTION TO CORRECT CLERICAL ERROR PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 36.

Defendant Bolze moves the District Court to correct a recording error in the other part of the record and resentence accordingly pursuant to Federal Rules of Criminal Procedure 36 based on the following merits.

### I: LIBERAL CONSTRUCTION – PRO SE

The Defendant, proceeding pro se out of necessity, request liberal construction of his pleading. See **Erickson v. Pardus,** 551 U.S. 89, 94 (2007) (The Court may hold the pleadings of a pro se litigant to less stringent standards than formal pleading drafted by lawyers.); **Haines v. Kerner,** 404 U.S. 519, 520-21 (1972)(The filings of pro se litigants should be construed liberally and facts, arguments, and evidence presented, should be given full effect.).

### II: REQUEST THAT JUDICIAL NOTICE BE TAKEN

The Defendant requests the District Court take Judicial Notice, pursuant to Rule 201 of the Rule 36 motion's references to undisputable facts, evidence, and attached exhibits which fully support the merits for relief.

-1-

### III: BRIEF PROCEDURAL HISTORY

Bolze was indicted on July 21, 2009, for violations of 18 U.S.C. § 1343 (3-Counts of Wire Fraud) and 18 U.S.C. § 1957 (3-Counts of Money Laundering). Doc. 23 (Indictment).   On November 10, 2009, Bolze plead guilty to all counts taking responsibility for his conduct.   Doc. 42, 43 (Plea Agreement).

The United States Probation Office ("USPO") interviewed Bolze and conducted an investigation to prepare its presentencing investigation report ("PSR") for the sentencing Court.   The PSR was released on April 1, 2009, and Bolze's trial counsel met with USPO to resolve its disputable findings.   Timely objections of unresolved issues were filed by Bolze pursuant to Federal Rules of Criminal Procedure ("Fed. R. Crim. P.")32.2 and Local Rules for the Eastern District of Tennessee ("LREDT") 83.9. Doc. 66.

A bifurcate sentencing hearing was held on May 19, 2010, to resolve disputed issues.   Doc. 80.   Post hearing briefing was filed on June 10, 2010 by the trial counsel [Doc. 85], with the government's response filed on July 7, 2010. Doc. 88. The Court issed its Memorandum and Order on July 23, 2010.   Doc. 89; see also **United States v. Bolze**, 444 F. App'x 889, 893 n.5 (6th Cir. 2012).   Sentencing has held on August 26, 2010.   Docs. 90-94.

### IV: RULE 36 LEGAL STANDARD

"[A] court has jurisdiction to **amend** a sentence in comformity with Fed. R. Crim. P. 36, which provides 'the court may **at any time** correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record rising from oversight or omission." **United States v. Zabawa,** 134 Fed. App'x 60, 68 (6th Cir. 2005) (quoting **United States v. Robinson,** 368 F. 3d 653, 655 (6th Cir. 2004) (Emphasis and underline added).

-2-

This includes a scrivener's error.  "[A] clerical error must not be one of judgment or even misidentification, but merely recitation, of the sort that a clerk or **amanuensis** might commit, mechanical in nature.   Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes of the court."  **United States v. Goddard,** 2020 U.S. App. LEXIS 5277, at *2-3 (6th Cir. 2020) (quoting **United States v. Penson,** 526 F. 3d 331, 335 (6th Cir. 2008)(quoting **Robinson,** 368 F. 3d at 656) (Emphasis and underline added).

## V:  DISCUSSION

### A:  STATE TRIAL RECORD DEVOID OF WAIVERS OF RIGHT OF COUNSEL AND RIGHT AGAINST SELF-INCRIMINATION

On May 30, 2001, the Grand Jury sitting in Sevier County, Tennessee returned an Indictment charging Bolze with "[F]ailure to File Sales Tax Return" in violation of T.C.A. § 67-1-1440, a Class E felony.   TAKE JUDICIAL NOTICE OF ("TJNO"): Exhibit A (Tennessee Certified Trial Record at pp. 8-24).

On July 2, 2001, arraignment was held in the State's Circuit Criminal Court. Bolze appeared **without** counsel.   The certified trial record indicates Bolze wanted to retain counsel of his choice in this case just as he had in a prior felony proceeding.   TJNO: Exhibit B (Court of Common Pleas of Dauphin County, Pennsylvania's Docketing Statement, Arraignment, Plea, and Order where he was represented by Mr. Peter B. Foster, Esq., 121 South Street, Harrisburg, PA 17101); also TJNO: PSR at ¶83 ("[T]he defendant was represented by counsel.").   However, arraignment was not reset, instead a plea hearing was set for August 28, 2001.   TJNO: Exhibit A at p. 27 (Circuit Criminal Court's Arraignment form).

On August 28, 2001, **without** the presence of retained counsel, the Tennessee District Attorney General ("TDAG") offered Bolze a plea prior to the hearing.  Bolze agreed to its terms and executed the agreement **without** consllting any legal counsel

-3-

or otherwise.    TJNO: Exhibit A at p.29 (Plea Agreement).    The hearing was called where the presiding judge would have clearly observed Bolze was **without** counsel in this felony case, accepted the plea as presented, and immediately sentenced Bolze accordingly.    TJNO: Exhibit A at pp.30-47 (Order and Judgments).

The state trial record clearly shows that although Bolze had executed a "[W]aiver of Jury Trial" form, and authenticated by the TDAG, there can be no dispute, the record is devoid of waivers of the constitutional right of counsel prior to allowing Bolze to proceed in self-representation in accordance with State law -- T.C.A. § 8-14-206(a)-(b)[1] -- or -- his right against self-incrimination, authenticating it, and placing them in the record of conviction.    TJNO: Exhibit A at pp.1-5.

### B:    UNITED STATES PROBATION OFFICE COMMITTED A RECORDING ERROR.

On July 21, 2009, a Federal Grand Jury sitting in Knoxville, Tennessee returned an Indictment charging Bolze with 3-Counts of Wire Fraud in violation of 18 U.S.C. § 1343 and 3-Counts of Money Laundering in violation of 18 U.S.C. § 1957.    TJNO: Doc. 23 (Indictment).

On November 10, 2009, the District Court accepted a United States inspired Plea Agreement where Bolze accepted responsibility for all counts of the Indictment. TJNO: Doc. 43 (Plea Agreement)

---

[1]    **TCA § 8-14-206(a):** [N]o person in this state *shall* not be allowed to enter a plea in any criminal prosecution or other proceedings involving possible deprivation of liberty when not represented by counsel, unless such person has *'in writing'* waived the right to the assistance of counsel."

**TCA § 8-14-206(b):** "[B]efore a court *shall* accept a written wavier of right of counsel; the court shall first advise the person in open court concerning the right to the aid of counsel in every stage of the proceedings."
"The court *shall* at the same time determine whether or not there has been a competent and intelligent waiver of such right, by inquiring into the background, the experience, and the conduct of the person and such other matters as the court may deem appropriate."
"If a waiver is accepted, the court *shall* approve and <u>*authenticate it*</u> and <u>*file it*</u> with the papers of the cause, and if the court is one of record, the wavier *shall* also be entered into its official minutes."
*See* ROA-1, Doc. 222 (RenewMot. Pp. 13-14) (Emphasis and underline added).

After the District Court accepted the Plea Agreement, the United States Probation Office ("USPO") conducted a presentencing investigation to prepare a report ("PSR") for the sentencing Court. As part of this investigation, the USPO was required to conduct an investigation of Bolze's prior criminal conduct. TJNO: Fed. R. Crim. P. 32.2(c)(1)(Required Investigation).

On April 1, 2010, and relevant here, the PSR was released in compliance with both Fed. R. Crim. P. 32(d)(2)(i) and Eastern District of Tennessee Local Rule 83.9 (Sentencing Procedures); TJNO: **United States v. Robinson,** Case No. 3:12-cr-101-TAV-CCS-10, 2014 U.S. Dist. LEXIS 206080, at *4 (E.D. Tenn. April 16, 2014); **United v. Jones,** Case No. 3:07-CR-39-TAV-CCS, 2007 U.S. Dist. LEXIS 87777, at *10 (E.D. Tenn. Nov. 29, 2007) ("[T]he **sentencing proceedings** are governed by Local Rule 83.9 EDTN.") (Emphasis and underline added). A case after Bolze's sentencing and a case prior to his sentencing in 2010.

In a Rule 36, "[t]he policy of finality is trumped and a court is authorized to correct the error **at any time**," TJNO **United States v. Vanderhorst,** 927 F. 3d 824, 827 (4th Cir. 2019) (citing **United States v. Powell,** 266 Fed. App'x 263, 266 (4th Cir. 2008), because Rule 83.9 deals with original sentencing **not** post-sentencing claims.

The USPO (an amanuensis) recitation relating to the 2001 State of Tennessee felony conviction stated that "[t]he defendant was represented by counsel." TJNO: Exhibit C. (PSR at p.19:¶84). The amanuensis had plainly and erroneously recorded "what another had written"[2] concerning the undisputable fact Bolze proceeded pro se and proceeded **without** waiving his right of counsel or his right against self-incrimination.

---

2   Amanuensis:  One employed to write from dictation or copy what another has written. Merriam-Webster Dictionary, 2020 Ed.

Case: 24-5192   Document: 12   Filed: 05/09/2024   Page: 18

**C.  RULE 36 PROVIDES CORRECTION OF A RECORDING ERROR IN THE JUDGMENT, ORDER, OR OTHER PART OF RECORD.**

As stated above, "[t]he court may **at any time** correct a clerical error in a judgment, order, or other part of the record ..." TJNO: Fed. R. Crim. P. 36 (Emphasis and underline added).   The PSR, the type of record at issue here, does constitute an "other part of the record" amendable to correction under Rule 36. TJNO: **United States v. Robinson,** 2015 U.S. App. LEXIS 12895, at *6 (6th Cir. 2015); **United States v. Andre,** 2016 U.S. Dist. LEXIS 67964, at *6 (4th Cir. 2016)(quoting **United States v. Mackay,** 757 F. 3d 195, 198 (5th Cir. 2014)("[B]ecause the PSR affects the rights and obligations of the defendant it is of like kind or character as a 'judgment,' 'order' and that it is embraced by the terms 'other part of the record' as used in Rule 36.") (citing **United States v. Powell,** 266 Fed. App'x 263, 266 (4th Cir. 2008) (Concluding that improper characterization of prior [ ] offense in PSR consituted 'clerical error' when [USPO] 'erroneously recorded' offense to which defendant pleaded guilty.").

Thus, it would be factually undisputable the USPO's recording error at issue here consituted a type of "clerical error" for purposes of Rule 36.   TJNO: **Mackay,** 757 F. 3d at 197.

**D. RULE 36 PROVIDES CORRECTION OF JUDGMENT OF CONVICTION AND SENTENCE.**

Having factually demonstrated the existence of amanuensis recording error in the other part of record, Bolze is entitled to have his judgment of conviction and sentence corrected under Rule 36 because it **inaccurately** reflects the recording of his 2001 unwaived right of counsel and unwaived right against self-incrimination State of Tennessee felony conviction which was constitutionally void and infirmed for Federal sentencing purposes.  TJNO: **Goddard,** 2020 U.S. LEXIS 5277, at *4 (citing **Robinson,** 368 F. 3d 653, 666 (6th Cir. 2004)(It is true Rule 36 confers jurisdiction

to amend sentence beyond the time period set by Rule 35(a) in the case of a plain clerical error.").

Bolze requests a sentence **without** the 2001 unwaived felony conviction in light presausive circuit authorities in **Ayers v. Hall**, 980 F. 3d 829 (6th Cir. 2018)("[T]he record in this case simply does not allow the conclusion that Ayers validly waived his right of counsel." "The Supreme Court has made clear that such a waiver was necessary before Ayers **proceed pro se**." "We now hold, that a trial court may not assume the accused silence consitutes a knowing and intelligent waiver of the right of counsel.").

As a direct result, Bolze is eligible under the plain error doctrine to be re-sentenced minus the State of Tennessee felony conviction under **Goddard**, 2020 U.S. App. 5277, at *4 (REMANDING the case to the district court for further proceeding "to correct his judgment of conviction and sentence" accordingly based on plain error.")

Under the test of plain error, just as in **Goddard**, Bolze must show that (1) there is an error; (2) that is clear and obivious on its face; and (3) the error affected the substantial rights of the defendant. TJNO: **United States v. Vonner**, 516 F. 3d 382, 386 (6th Cir. 2012)(citing **United States v. Gardiner**, 463 F. 3d 445, 459 (6th Cir. 2006)(Defining Plain Error Doctrine).

**1**: <u>AN ERROR</u>: The amaruersis recording of the 2001 Tennessee felony conviction incorrectly stated that "[d]efedant was represented by counsel" was in clear error. TJNO: Exhibit C (PSR at p.19:¶84).

**2**: <u>ERROR IS CLEAR AND OBIVIOUS ON ITS FACE</u>: The Tennessee 2001 State Certified trial record indicates that Bolze was **not** represented by counsel but; rather, proceeded pro se in self-representation **without** waiving right of counsel and **without** waiving right against self-incrimination, which is obiviously

-7-

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 20

contrary to the USPO's recording.   TJNO: Exhibit A (Certifed Tennessee 2001 trial record).

**3:**   **ERROR AFFECTED SUBSTANTIAL RIGHTS OF DEFENDANT:** An error affects substantial rights when the error is prejudical, that is, "affected the outcome of the district court's proceedings." **United States v. Olano,** 507 U.S. 725, 734 (1993).   There is _no_ doubt that imposing additional years of imprisonment beyond that authorized by law affects a defendant's substantial rights. TJNO **United States v. Page,** 232 F. 3d 536, 544 (6th Cir. 2000) (An error affects substantial rights when the error results in a sentence substantially different than which would have been absent the error.).   In this case, the recording error certainly affected Bolze's substantial rights.

Once the first-three prongs of the plain error doctrine are satisfied as here, the fourth prong is whether _not_ correcting the error and sentence would affect the integrity of the judicial system.   Thus, "[a] sentence error seriously affects the fairness, integrity, or public reputation of judicial proceeding when [the] error results in imposition of a sentence which is not authorized by law." **United States v. Smith,** 2005 U.S. App. LEXIS 25312, at *12 (6th Cir. 2005)(citing **Page,** 232 F. 3d at 544); **Powell,** 266 Fed. App'x at 266)("[F]orcing a defendant to spend years longer in prison solely due to a **data error for which** he had _no_ responsibility serves no legal, judicial or public interest is manifestly unjust, and is why Rule 36 exists.").   Thus, Bolze has met the requirements of the plain error doctrine.

## VI: CONCLUSION

Based on the plain recording error by the USPO in the other part of the record, the Court should find it appropriate to correct the error and sentence Bolze **without** the 2001 unwaived felony conviction.

-8-

Respectfully submitted on this the 5th day of September, 2023 by and for

Dennis R. Bolze, pro se
Reg. No. 14825-067
FCC Coleman Camp
P.O. Box 1027
Coleman, FL 33521-1027

## CERTIFICATE OF SERVICE

I, Dennis R. Bolze, hereby certify that a true and correct copy of the above styled motion has been delivered to prison authorities for forwarding on this the 5th day of September, 2023 with prepaid U.S. Priority Mail postage attached for serve on the following parties.

U.S. Attorney Office
800 Market Street
Knoxville, TN 37912

U.S. Priority Mail # 9114-9022-0078-9664-5522-60

Clerk of Court
U.S. District Court
800 Market Street
Knoxville, TN 37912

U.S. Priority Mail # 9114 9022 0078 9664 5522-53

Dennis R. Bolze, pro se

-9-

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 23

## EXHIBIT A

(Tennessee State Court Trail Record)

# TECHNICAL RECORD
## VOLUME: I of I

CRIMINAL COA NO. <u>E2018-01231-CCA-R3-PC</u>
TRIAL COURT NO. <u>8611</u>

TO THE COURT OF APPEALS
AT KNOXVILLE, TENNESSEE

FROM CIRCUIT COURT SEVIER COUNTY
AT SEVIERVILLE, TENNESSEE

## HONORABLE STEVEN W. SWORD, PRESIDING JUDGE
## RITA D. ELLISON, CLERK

### DENNIS R. BOLZE
Appellant / Defendant

vs.

### STATE OF TENNESSEE
Appellee / Plaintiff
**T.D.O.C. # 337851**

- Mr. Bolze pled guilty to: **Count 1: Failure to File Sales Tax Return**, **Count 2: Failure to File Sales Tax Return**, **Count 3: Failure to File Sales Tax Return** and **Count 4: Failure to File Sales Tax Return** on August 28, 2001.**Counts 5 thru 16 were dismissed.** Mr. Bolze is to serve total of 6 years @ TDOC @ 30%. Supervised probation for full term. He is required to pay fines and court costs. **\*PLEASE REFER TO JUDGMENTS FOR MORE INFORMATION\***
- Defendant is currently being held at Federal Correction Complex Coleman Low.
- Mr. Bolze is representing himself on appeal.
- Defendant is indigent.

<u>Attorney for Appellant / Defendant</u>
Dennis R. Bolze
Reg. No. 14825-067
FCC Coleman Low
P.O. Box 1031
Coleman, FL 33521

<u>Attorney for Appellee / Plaintiff</u>
James B. "Jimmy" Dunn, B.P.R. #012059
District Attorney General
4th Judicial District
125 Court  Avenue, Suite 301 E
Sevierville, TN 37862
Ph # (865) 429-7021



TRANSMITTED TO APPELLATE COURT _11/1/18_



# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

**DENNIS R. BOLZE**
Appellant / Defendant

vs.

Appellate Court No. <u>E2018-01231-CCA-R3-PC</u>
Trial Court No. <u>8611</u>

**STATE OF TENNESSEE**
Appellee / Plaintiff

# INDEX

## PAPERS FILED IN THE TRIAL COURT

CIRCUIT COURT GRAND JURY SUBPOENA    (5/24/01)………………………….…………..1

ꞰESENTMENT   COUNTS ONE THRU SIXTEEN    (5/30/01)……………..………………………3

CIRCUIT COURT APPEARANCE BOND    (6/7/01)……………………………………..………20

CIRCUIT COURT INSTANTER CAPIAS    (6/7/01)…………………………………….………22

JUDGMENTS   COUNTS ONE THRU SIXTEEN    (8/28/01)………………………….…………24

WAIVER OF JURY TRIAL AND GUILTY PLEA    (8/28/01)……………………………………40

PLEA AGREEMENT    (8/28/01)……………………………………………………………41

ORDER    (8/28/01)…………………………………………………………………………42

MOTION FOR UNSUPERVISED PROBATION    (8/26/03)……………………………………43

ORDER FOR UNSUPERVISED PROBATION    (8/26/03)………………………………………45

MOTION TO VACATE JUDGMENT, EXPUNGE CONVICTION AND SEAL RECORD
WITH ATTACHMENTS    (7/31/17)…………………………………………………………46

MOTION FOR APPOINTMENT OF DEFENSE COUNSEL   WITH ATTACHMENTS
Ʞ12/17)……………………………………………………………………………………87

A-2

# INDEX, CONT'D

MOTION IN LETTER    (11/22/17)...........................................................................94

MOTION TO RECUSE    (12/19/17)........................................................................97

ORDER OF RECUSAL   JUDGE REX HENRY OGLE   (1/5/18)..............................99

ORDER OF RECUSAL   JUDGE TELFORD E. FORGETY JR   (2/15/18).............101

ORDER   APPOINTMENT OF JUDGE STEVEN SWORD   (4/3/18)........................103

ORDER REGARDING MOTION TO VACATE JUDGMENT    (4/9/18)................104

MOTION FOR RECONSIDERATION OF ORDER REGARDING DEFENDANT'S PRO SE MOTION TO VACATE PRIOR JUDGMENT   WITH ATTACHMENTS   (4/30/18)............................105

MOTION TO COMPEL   WITH ATTACHMENT    (6/7/18)......................................112

MOTION TO EXPEDITE PROCEEDING    (6/7/18)...........................................116

ORDER REGARDING MOTION TO RECONSIDER   (6/14/18)...........................118

UNIFORM AFFIDAVIT OF INDIGENCY   WITH ATTACHMENT   (7/9/18)...............119

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT KNOXVILLE   NOTICE – INITIATING DOCUMENT – TRAP 3 NOTICE OF APPEAL FILED   WITH ATTACHMENT   (7/9/18)....................124

ORDER REGARDING MOTION TO COMPEL    (7/16/18)..................................128

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT KNOXVILLE   NOTICE – INCOMING-LETTER FROM CLERK – NO TRANSCRIPT/STMT. FILED   (9/6/18)....................................129

CERTIFICATE OF APPELLATE RECORD    (11/1/18).....................................131

## NO TRANSCRIPTS WERE FILED

## NO EXHIBITS WERE FILED

2



# IN THE CIRCUIT COURT OF SEVIER COUNTY, TENNESSEE
## AT SEVIERVILLE

**DENNIS R. BOLZE**
Appellant / Plaintiff

vs.

Appellate Court No. <u>E2018-01231-CCA-R3-PC</u>
Trial Court No. <u>8611</u>

**STATE OF TENNESSEE**
Appellee / Defendant

## <u>CERTIFICATE OF APPELLATE RECORD</u>

    I, Christy Freeman, Deputy Clerk of the Circuit Court of Sevier County, Tennessee, do hereby certify that the following items herewith transmitted to the Court of Appeals are originals or true and correct copies of all of the designated papers on file in my office in the captioned case.

1. Technical record attached to the certificate and consisting of 131 pages contained in one volume.

2. No transcripts were filed with this case.

3. No exhibits were filed with this case.

This 1st day of November, 2018.

<u>Christy Freeman</u>
Christy Freeman, Deputy Clerk

131/A·H

Page: 28   Filed: 05/09/2024   Document: 12   Case: 24-5192

| se Number | CR8611 | STATE OF TENNESSEE | | Disposition Date | |
|---|---|---|---|---|---|
| se Class | CRM | DENNIS R. BOLZE | | | 0 |

| ference | 27 | Dock Type | | Action Code | 12 |
|---|---|---|---|---|---|
| ase Type | F | Judge Code | | FRAUD | |
| ase Source | B | ************************* | | D1 | FAILURE TO FILE |
| iling Date | 5,30,2001 | Status | | D2 | TAX RETURNS |
| eopen Date | 0 | | | D3 | |

| ype of Filing | PII |
|---|---|
| irth Date | 11,28,1948 |
| oc Security # | 208,38,7258 |
| rrest Officer | |

** *****************************

| fense Date | | 0 |
|---|---|---|

>PARTIES<-

| pe | Name/Comments | | | Attorneys |
|---|---|---|---|---|
| 001 | STATE OF TENNESSEE | | 0 | |
| 001 | BOLZE      DENNIS R. | | 0 | |

>RULE ENTRIES<-

| le Date | Cde | Description | Sched Date | Comment |
|---|---|---|---|---|
| ,30,2001 | 901 | PRESENTMENT | | |
| ,31,2001 | 108 | CAPIAS ISSUED | | |
| ,07,2001 | 110 | CAPIAS SERVED | | |
| ,02,2001 | 530 | PLEA DAY SET | 8,28,2001 | |
| ,28,2001 | 917 | WAIVER, PLEA & ORDER | | |
| ,20,2001 | 729 | JUDGMENT | | OGLE |
| ,20,2001 | T4 | GUILTY PLEA | | CTS I - IV |
| ,20,2001 | T19 | DISMISSAL | | CTS V - XVI |
| ,21,2002 | 919 | INFAMOUS NOTICE | | |
| ,20,2003 | 997 | FILE CHECKED OUT TO | | DENNIS CAMPBELL |
| ,26,2003 | 447 | MOTION- | | UNSUPERVISED PROBATI |
| ,26,2003 | 672 | ORDER | | UNSUPERV  PROBATION |

>BILL OF COST<-

| t | Payable To | Due Date | F | Pay Amt | Assess Amt | Paid-To-Dat |
|---|---|---|---|---|---|---|
| | CRIMINAL LITIGATION 29.50 | 0 | O | 0.00 | 28.50 | 28.50 |
| | CIC TAX PROPERTY 26.50 | 0 | O | 0.00 | 26.50 | 26.50 |
| | FINGERPRINT TAX | 0 | O | 0.00 | 1.00 | 1.00 |
| | COUNTY LITIGATION TAX | 0 | O | 0.00 | 13.00 | 13.00 |
| | COURTHOUSE BUILDING FUND | 0 | O | 0.00 | 2.00 | 2.00 |
| | LIBRARY FUND | 0 | O | 0.00 | 1.00 | 1.00 |
| | CLERK FEE CIVIL/CRIMINAL | 0 | O | 0.00 | 272.00 | 272.00 |

e#:CR8611  -STATE OF TENNESSEE      vs DENNIS R. BOLZE

Appendix
page  1



| se Number | CR8611 | STATE OF TENNESSEE | Disposition Date |
|---|---|---|---|
| se Class | CRM | DENNIS R. BOLZE | 0 |

ILL OF COST<-

| rt | Payable To | Due Date | F | Pay Amt | Assess Amt | Paid-To-Dat |
|---|---|---|---|---|---|---|
| | SEVIER COUNTY OFFICER FEE | 0 | O | 0.00 | 15.00 | 15.00 |
| | FINE | 0 | O | 0.00 | 1,000.00 | 1,000.00 |

paid Balance of Assessed Amount=         .00

RECEIPTS<-

| ct Date | Rct # | T | Received From/Payable To | H | Amount | Ck # | Ck/Ef Date |
|---|---|---|---|---|---|---|---|
| tal Receipts-> | 1359.00 | | | | | | |
| | | P | 00117FINGERPRINT TAX | CA | | | |
| /11/2001 | 00662 | R | DENNIS R. BOLZE | | 1.00 | 1342 | 12/31/2001 |
| | | P | 00122CRIMINAL LITIGATION 29.50 | CA | | | |
| /11/2001 | 00662 | R | DENNIS R. BOLZE | | 28.50 | 1342 | 12/31/2001 |
| | | P | 00123CIC TAX PROPERTY 26.50 | CA | | | |
| /11/2001 | 00662 | R | DENNIS R. BOLZE | | 26.50 | 1342 | 12/31/2001 |
| | | P | 00205COUNTY LITIGATION TAX | CA | | | |
| /11/2001 | 00662 | R | DENNIS R. BOLZE | | 13.00 | 1343 | 12/31/2001 |
| | | P | 00206COURTHOUSE BUILDING FUND | CA | | | |
| /11/2001 | 00662 | R | DENNIS R. BOLZE | | 2.00 | 1343 | 12/31/2001 |
| | | P | 00207LIBRARY FUND | CA | | | |
| ,11/2001 | 00662 | R | DENNIS R. BOLZE | | 1.00 | 1343 | 12/31/2001 |
| | | P | 00295CLERK FEE CIVIL/CRIMINAL | CA | | | |
| /11/2001 | 00662 | R | DENNIS R. BOLZE | | 28.00 | 1343 | 12/31/2001 |
| | | P | 00295CLERK FEE CIVIL/CRIMINAL | CA | | | |
| /05/2002 | 00884 | V | DENNIS R. BOLZE        \|CHECK NOT | | 100.00 | 0 | |
| | | P | 00295CLERK FEE CIVIL/CRIMINAL | PC | | | |
| /05/2002 | 00885 | R | BOLZE 1806 | | 100.00 | 1577 | 02/28/2002 |
| | | P | 00295CLERK FEE CIVIL/CRIMINAL | PC | | | |
| /05/2002 | 01005 | R | DENNIS R. BOLZE | | 100.00 | 1658 | 03/31/2002 |
| | | P | 00201FINE | PC | | | |
| /16/2002 | 01211 | R | BOLZE #1877 | | 41.00 | 1733 | 04/30/2002 |
| | | P | 00295CLERK FEE CIVIL/CRIMINAL | PC | | | |
| /16/2002 | 01211 | R | BOLZE #1877 | | 44.00 | 1733 | 04/30/2002 |
| | | P | 00296SEVIER COUNTY OFFICER FEE | PC | | | |
| /16/2002 | 01211 | R | BOLZE #1877 | | 15.00 | 1733 | 04/30/2002 |
| | | P | 00201FINE | PC | | | |
| /22/2002 | 01345 | R | DENNIS R. BOLZE | | 200.00 | 1805 | 05/31/2002 |
| | | P | 00201FINE | PC | | | |
| /25/2002 | 01501 | R | DENNIS R. BOLZE | | 200.00 | 1864 | 06/30/2002 |
| | | P | 00201FINE | PC | | | |
| /06/2002 | 01668 | R | DENNIS R. BOLZE #2034 | | 559.00 | 2035 | 08/31/2002 |

Page: 29    Filed: 05/09/2024    Document: 12    Case: 24-5192

e#:CR8611  -STATE OF TENNESSEE          vs DENNIS R. BOLZE

Appendix
page   2

A-6

GRAND JURY SUBPOENA                                          11197

# State of Tennessee, Sevier County

To the Sheriff of Sevier County — Greeting:                No. _8611_

You are hereby commanded to summon  *Ric Lambert*

_____personally to appear before the Judge of our Circuit Court, now sitting for the County of Sevier at the Courthouse in Sevierville, on the _30th_ day of _May_ _2001_ at _1:30_ P.M then and there to testify, and the truth to say, before the Grand Jury in behalf of the State against *Presentment*

in relation to _16 cts failure to file sales tax refund_

and this _you_ _____ shall in no wise omit, under the penalty prescribed by law.

Witness, JANETTE LAYMAN-BALLARD Clerk of our said Court in Sevierville, on the first Monday *April* A.D., *2001* _____.

the _24th_ day of _May 2001_

_Janette Ballard_ clerk.
*W. AR*

_Janette Layman-Ballard_
Clerk, D.C.

Appendix
page   3

A7

LIST OF WITNESSES:

LIST OF WITNESSES:

NO.: 8611

PRESENTMENT

THE STATE
VS.

DENNIS R. BOLZE

16 COUNT(S) FAILURE TO FILE
SALES TAX RETURN

Prosecutor

RIC LAMBERT-PRIVATE
PROSECUTOR

Witness sworn by me in the presence
of the Grand Jury _May 30_ 20CL

_Dennis Whaley_

Foreman of the Grand Jury

Filed _30_ day of _May_, 20CL

_Jewelle Loyance-Ballard_ Clerk

Clerk: Summon all named witnesses
for the State.
AL SCHMUTZER, JR.
DISTRICT ATTORNEY GENERAL

True Bill

1. _Dennis Whaley_
   FOREMAN OF THE GRAND JURY
2. _____
3. _____
4. _____
5. _Jimmie Ed Wright_
6. _Ruby Howard_
7. _Bud McNeil_
8. _Patricia Munn_
9. _Carol Brown_
10. _Carla Trickey_
11. _E. L. Carter_
12. _Mark Harmon_
13. _John Thomas_

A-8

5,000

# STATE OF TENNESSEE

### COUNT ONE

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **SEPTEMBER, 1997**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of AUGUST, 1997 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A-9

Case: 24-5192   Document: 12   Filed: 05/09/2024   Page: 32

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 33

# STATE OF TENNESSEE

### COUNT TWO

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **OCTOBER, 1997**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of SEPTEMBER, 1997 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A-10

# STATE OF TENNESSEE

## COUNT THREE

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly
summoned, elected, impaneled, sworn, and charged to inquire for the
body of the County and State aforesaid, present that **DENNIS R. BOLZE**
on or about **NOVEMBER, 1997**, before the finding of this indictment in
the State and County aforesaid, did unlawfully, and feloniously
hamper, hinder, impede, obstruct and thwart the State of Tennessee
in the collection and realization of its lawful revenue by failing
to file a sales tax return for the month of OCTOBER, 1997 with the
Commissioner of Revenue for the State of Tennessee for business
activity he conducted doing business as LOST CREEK CROSSING,
contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the
State of Tennessee.

DISTRICT ATTORNEY GENERAL

A-11

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 35

# STATE OF TENNESSEE

### COUNT FOUR

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly
summoned, elected, impaneled, sworn, and charged to inquire for the
body of the County and State aforesaid, present that **DENNIS R. BOLZE**
on or about **DECEMBER, 1997**, before the finding of this indictment in
the State and County aforesaid, did unlawfully, and feloniously
hamper, hinder, impede, obstruct and thwart the State of Tennessee
in the collection  and realization of its lawful revenue by failing
to file a sales tax return for the month of NOVEMBER, 1997 with the
Commissioner of Revenue for the State of Tennessee for business
activity he conducted doing business as LOST CREEK CROSSING,
contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the
State of Tennessee.

DISTRICT ATTORNEY GENERAL

A-12

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 36

# STATE OF TENNESSEE

### COUNT FIVE

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **JANUARY, 1998**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of DECEMBER, 1997 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A-13

Case: 24-5192     Document: 12     Filed: 05/09/2024     Page: 37

# STATE OF TENNESSEE

### COUNT SIX

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **APRIL, 1998**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of MARCH, 1998 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A·14.

# STATE OF TENNESSEE

### COUNT SEVEN

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **MAY, 1998**, before the finding of this indictment in the State and County aforesaid,  did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection  and realization of its lawful revenue by failing to file a sales tax return for the month of APRIL, 1998 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A-15

# STATE OF TENNESSEE

## COUNT EIGHT

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **JUNE, 1998**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of MAY, 1998 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A-16

# STATE OF TENNESSEE

### COUNT NINE

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **JULY, 1998**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of JUNE, 1998 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A-17

Case: 24-5192　　Document: 12　　Filed: 05/09/2024　　Page: 41

# STATE OF TENNESSEE

### COUNT TEN

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **AUGUST, 1998**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of JULY, 1998 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

. DISTRICT ATTORNEY GENERAL

A-18

# STATE OF TENNESSEE

### COUNT ELEVEN

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **JANUARY, 1998**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of DECEMBER, 1997 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING #2, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A-19

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 43

# STATE OF TENNESSEE

### COUNT TWELVE

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about APRIL, 1998, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of MARCH, 1998 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING #2, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A.20

# STATE OF TENNESSEE

### COUNT THIRTEEN

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **MAY, 1998**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of APRIL, 1998 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING #2, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A-21

# STATE OF TENNESSEE

## COUNT FOURTEEN

## CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **JUNE, 1998**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of  MAY, 1998 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING #2, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A.22

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 46

# STATE OF TENNESSEE

### COUNT FIFTEEN

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **JULY, 1998**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection and realization of its lawful revenue by failing to file a sales tax return for the month of JUNE, 1998 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING #2, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A.23

Case: 24-5192     Document: 12     Filed: 05/09/2024     Page: 47

# STATE OF TENNESSEE

### COUNT SIXTEEN

### CIRCUIT COURT FOR SEVIER COUNTY

The Grand Jurors for the State of Tennessee, having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the County and State aforesaid, present that **DENNIS R. BOLZE** on or about **AUGUST, 1998**, before the finding of this indictment in the State and County aforesaid, did unlawfully, and feloniously hamper, hinder, impede, obstruct and thwart the State of Tennessee in the collection  and realization of its lawful revenue by failing to file a sales tax return for the month of JULY, 1998 with the Commissioner of Revenue for the State of Tennessee for business activity he conducted doing business as LOST CREEK CROSSING #2, contrary to T.C.A. §67-1-1440(d),

contrary to the statute, and against the peace and dignity of the State of Tennessee.

DISTRICT ATTORNEY GENERAL

A.24

Case: 24-5192   Document: 12   Filed: 05/09/2024   Page: 48

CAPIAS—INSTANTER                Form 325                    Mathis Co.—Knoxville

# STATE OF TENNESSEE

★

**$5,000 Bond**

TO THE SHERIFF OF _Sevier_ ............COUNTY—GREETING:

You are hereby commanded to take the body of _Dennis B. Bolze_

if to be found in your County, and him safely keep, so that you have him before the Judge of our _Circuit_

Court now sitting for the County of _Sevier_ ......................................, at the Courthouse, in the town

of _Sevierville, TN_ ......................instanter, then and there to answer the State on an Indictment _sealed presentment_

for _Failure To File Sales Tax Return 16 Cts_

Herein fail not, and have you then and there this Writ.

Witness, _Janette Layman-Ballard_ ........., Clerk of our said Court, at office, the

_31_ ......day of _May_          _2001_

_Janette Layman-Ballard_ Clerk

_Jane Watson_ D. C.

Appendix page 5

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 49

*Circut Court*

APPEARANCE BOND - TO ~~GENERAL SESSIONS~~ COURT ☐PART I/ ☐PART II

# State of Tennessee, Sevier County

We, *Dennis Roger Bolze* , Principal and

*JAMES R. BARKER* , and *EAST TENN Bonding*

Sureties, agree to bind ourselves and pay the State of Tennessee $5000 —

———————————— Dollars, unless the said *DEFENDANT*

*Circut Court*

appears before the ~~General Sessions~~ Court ☐Part I / ☐Part II, at

Sevierville-Gatlinburg in said County, on the _____ day of *TBS* , _____, at

_____ o'clock _____ M., and from day to day until the case is finally disposed of, to answer for the

offense of *FRAUD*

and does not depart the Court without leave.

Witness our hands this the 7 TH day of *JUNE 2007*

x _____ Principal.

Approved:

*James R Barker*
Surety.

*East Tenn Bonding ce*
Surety.

*Sevierville, TN*

County Record Services, Inc.

A.26

DATE: _July 2, 2001_

Y OF TENNESSEE

)

_Dennis R. Bolze_

DOCKET NO(S): _8611_

TORNEY FOR: DEFENDANT _____

STATE _____

COURT ORDERED AS FOLLOWS:

IGNMENT: *Indigents are ordered to pay a fee of $50.00 /$_____
( ) Indigent* appointed Public Defender
( ) Partially Indigent, appointed Public Defender, defendant to pay Attorney's Fee of
$_____ at $_____ per wk/mth
( ) Not Indigent, _____ days to retain counsel and notify Clerk of Court
( ) Indigent* but conflict with Public Defender, Attorney _____appointed.
( ) Partially Indigent, but conflict with Public Defender, appointed Atty. _____
Defendant to to pay Attorney's Fee of $_____ at $_____ per wk/mth
( ) Appeared with Retained Counsel _____
(✓) Appeared w/o Counsel, but will retain Counsel, _15_ days allowed
( ) Appeared w/o Counsel, and waived Counsel
( ) Written Waiver of Arraignment filed/to be filed
Defendant waived reading of Indictment and 7 days allowed for filing of motions, unless otherwise indicated.

IAS: ( ) Failed to appear, Temporary Forfeiture of Bond, Scire Facias issued as to Bondsmen, Capias issued for arrest of Defendant. Conditions of Capias, if any: _____
_____

( ) Bond set at $_____. Conditions of Bond: _____
_____

( ) Appeared and entered a Plea of Not Guilty
( ) Written Plea of Not Guilty filed/to be filed
( ) Entered a Plea of Not Guilty, however, _____ days allowed for further plea negotiations
All entries of Plea of Not Guilty to be set for trial unless otherwise indicated.
( ) Plea Agreement announced
( ) Open Plea to Indictment with Court sentencing on _____
( ) Best Interest or Alford Plea
( ) Deferred Plea of Guilty pursuant to T.C.A. 40-35-313.
( ) Plea by information (See Waiver of Indictment signed by all parties in presence of Court)
( ) Nolle Prosequi
( ) Pre-trial Diversion (See Memorandum of Understanding filed pursuant to T.C.A. 40-15-105)
( ) Presentence ordered/waived by
Plea Agreement Form(s) and Judgment(s) are approved by the Court and shall be made a part of the minutes of this date on all entries of a guilty plea.

NCING: ( ) Sentencing from Jury dated: _____
( ) Sentencing from Plea dated: _____
( ) Sentencing from Trial by Court dated: _____

T SENTENCING: ( ) See Judgment form as if copied verbatim
_____
_____

.TION: ( ) Probation ( ) Community Corrections Program Officer: _____
( ) Found in Violation by the Court ( ) Entered Plea of Guilty
( ) Returned to Probation/Community Corrections Program
( ) Ordered to serve Balance of Original Sentence
( ) See Judgment Form as if copied verbatim
( ) Other Disposition: _____
_____
_____

)*: ( ) Continued on Motion of Defendant/State/due to other Court Matters
( ) Motion for New Trial Granted/Denied
( ) Other _Plea 8-28-01_
_____
_____

AL: ( ) This Court hereby recuses itself from hearing this matter. Future hearings shall be scheduled before another Judge.

ORM TO BE USED IN ARRAIGNMENT, CAPIAS, BOND, PLEA DAY/ PLEA AGREEMENT, SENTENCING, VIOLATIONS, MOTIONS, (Including continuances), and RECUSALS

A-27

Page 50   Filed: 05/09/2024   Document: 12   Case: 24-5192

IN THE CIRCUIT COURT FOR *Sevier* COUNTY, TENNESSEE

STATE OF TENNESSEE

VS.

*Dennis R. Bolze*

CIRCUIT COURT
FILED
HOUR_____ M
AUG 28 2001
JANETTE LAYMAN-BALLARD
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

NO: *8611*

## WAIVER OF JURY TRIAL AND GUILTY PLEA

Comes the Defendant *Dennis R. Bolze*,

and voluntarily waives his right to a trial by jury and asks this Court to try his case both as to guilt and

punishment. The right to a jury trial has been fully explained to him and he understands the consequences

in giving up this right.

Further, the Defendant acknowledges that he has been fully advised of all the elements of the

crime(s) charged against him. He understands that the State must prove each element beyond a reasonable

doubt to a moral certainty before he can be found guilty. He understands that he has the right to confront

cross-examine witnesses against him. Also, he understands the range of penalties for the crime(s).

He knows he has a Constitutional Right to stand on his plea of not guilty and make the State prove his

guilt. That if he is found guilty, he has a right to appeal the decision; at which time it could be reversed or

dismissed. All of these rights he gives up if he pleads guilty.

Understanding all of this, the Defendant voluntarily pleads guilty to the offense(s) of:

*Failure to file sales tax return-*
*counts 1, 2, 3 and 4 - Class E*
*Felonies*

and requests the Court to accept it. He has not been forced to make this plea, nor has he been threatened

or promised anything that would cause him to enter this plea. He understands that there may or may not

be a recommendation made to the Court about sentencing which the Court may accept or refuse.

The Defendant's Attorney _____*Pro Se*_____ agrees to this waiver and plea.

This the *28* day of *Aug*, 19 *2001*

_____
DEFENDANT                    *8/28/01*

_____
ATTORNEY FOR DEFENDANT

APPROVAL:

Case: 24-5192   Document: 12   Filed: 05/09/2024   Page: 52

IN THE CIRCUIT COURT FOR _Sevier_ COUNTY, TENNESSEE

STATE OF TENNESSEE                              :

                                                :

VS.                                             :        NO: _8611_

CIRCUIT COURT
FILED
HOUR_____M

AUG 2 8 2001

JANETTE LAYMAN-BALLARD
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

_Dennis Bolze_                                  :

## PLEA AGREEMENT

The above named Defendant and the State of Tennessee enter into the following agreement:

The Defendant agrees to plead guilty to _____

_Failure to file sales tax_
_return - Counts 1, 2, 3 and 4_

and the State agrees to recommend to the Court the following sentence:

_2 years each count Range I-_
_Count 2 consecutive to count 1,_
_count 3 & 4 concurrent to each_
_other but consecutive to count 2_
_(6 years) supervised probation - $1000 fine_
_and court costs_

The above terms represent the full agreement between the parties.

SIGNED this the _2_ day of _Aug_ , ~~19~~ _2001_

STATE OF TENNESSEE

_____
DISTRICT ATTORNEY GENERAL

I agree to this freely and voluntarily. I understand that if this agreement is not accepted by the

Court I can withdraw my guilty plea.

_____  8/28/01
DEFENDANT

A-29

# IN THE CIRCUIT COURT FOR *Sevier* COUNTY, TENNESSEE

STATE OF TENNESSEE     :

           :

VS.          : NO: *861*

           :

*Dennis Bolze*     :

CIRCUIT COURT
FILED
HOUR_____M
AUG 2 8 2001
JANETTE LAYMAN-BALLARD
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

## ORDER

In this case it appearing to the Court that the Defendant, *Dennis Bolze*, is charged with the crime(s) of: *failure to file sales tax returns*

and that he through his counsel, *pro se*

made a motion that he waive his trial by jury upon the said charge(s) and that he submit his case to the Court for decision, both as to guilt and punishment, and it further appearing to the Court that the motion in this case was seasonably made and concurred in by the District Attorney General.

  IT IS THEREFORE ORDERED BY THE COURT that said motion be granted and spread on the Criminal Minutes of this Court, and that in the event conviction results after such waiver, that this Court will fix punishment in accordance with Section 40-20-107 Tennessee Code Annotated which covers Jury Trials.

This the *28* day of *Aug*, 19 *2001*.

ENTEREK

_____
CIRCUIT JUDGE

A·30

IN THE CRIMINAL/CIRCUIT COURT OF **SEVIER** COUNTY, TENNESSEE

| | | | |
|---|---|---|---|
| Case Number: 8611 | Count: 1 | Attorney for the State | STEVEN R. HAWKINS |
| Judicial District 04 | Judicial Division | Counsel for Defendant | PRO-SE |

☐ Retained ☐ Appointed ☐ Public Defender

| | | |
|---|---|---|
| Defendant DENNIS R. BOLZE | Alias | |
| Date of Birth 11/28/1948  Sex M  Race WHITE | SSN ████████ | |
| Open Indictment # 8611  Warrant # | TDOC # | |
| | TBI Document Control # | |

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the **28th** day of **August** **2001**, the defendant

Filing Date / /

☒ Pled Guilty  ☐ Dismissed/Nolle Prosequi
☐ Nolo Contendere  ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Found:  ☐ Guilty  ☐ Not Guilty
☐ Jury Verdict  ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class(circle one): 1st A B C D Ⓔ ☒Felony ☐Misdemeanor
Offense FAILURE TO FILE SALES TAX RETURN
Amended Charge
Offense date SEPTEMBER 1997  County SEVIER
Conviction offense FAILURE TO FILE SALES TAX RETURN
TCA#: 67-1-1440(D)  Sentence-imposed date 08/28/2001
Conviction class(circle one): 1st A B C D Ⓔ ☒Felony ☐Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☒ Sentence Reform Act of 1989

Offender Status(Check One)
☐ Mitigated
☒ Standard
☐ Multiple
☐ Persistent
☐ Career
☐ RepeatViolent

Release Eligibility (Check One)
(Other than 1st degree murder)
☐ Mitigated 20%  ☐ Multiple Rapist 100%
☐ Mitigated 30%  ☐ Child Rapist 100%
☒ Standard 30%  ☐ Repeat Violent 100%
☐ Multiple 35%  Misc. (if applicable)
☐ Persistent 45%  ☐ School Zone
☐ Career 60%  ☐ Gang Related
☐ Violent 100%

☐ 1st Degree Murder
☐ Pre 1982  Sentence:

☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

Concurrent with:

CIRCUIT COURT
FILED

SEP 2 0 2001

JANETTE LAYMAN-BALLARD
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

Consecutive to:

Sentenced Length: **2 YEARS**

| | | | | | |
|---|---|---|---|---|---|
| 2 Years | Months | Days | Life | Life Without Parole | Death |

Mandatory Minimum Sentence ( 39-17-417, 39-13-513, 39-13-514 in school zone or 55-10-401 - 4th Offense)

☐ County Jail  ☐ Workhouse

| | | | | | |
|---|---|---|---|---|---|
| Years | Months | Days | Hours | Week-ends | Periodic:( ) |

Mandatory Minimum Sentence ( 39-17-417, 39-13-513, 39-13-514 in school zone or 55-10-401 - 4th Offense)

Period of Incarceration to be Served Prior to Release on Probation _____ Months _____ Days _____ Hours (Misdemeanor Only)

_____ % Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation ☐ Diversion  _____ Years _____ Months _____ Days  Effective:
☐ Community Based Alternative  _____ Years _____ Months _____ Days _____ Hours  Week-ends
Specify:

Jail Credit Period: from / / to / / from / / to / / or Number of Days:

Court Ordered Fees and Fines:
_____ Criminal Injuries Compensation Fund
_____ Supervision
_____ Child Support
_____ Court Costs
1000.00 Fine Assessed
_____ Sex Offender Tax

Cost To Be Paid By
☒ Defendant ☐ State

Restitution
Victim Name
Address

Total Amount $ _____ $ _____ Per month
☐ Unpaid Community Service: _____ Hours _____ Days _____ Weeks _____ Months

☒ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Special Conditions:
SUPERVISED PROBATION FOR FULL TERM.

| | | |
|---|---|---|
| REX HENRY OGLE | Judge's Signature | 08/28/2001 |
| Judge's Name | | Date of Entry of Judgment |
| | Attorney for State/Signature (optional) | Defendant's Attorney/Signature (optional) |

A-31

Page 55

Filed 05/09/2024

Case 24-51102 Document: 12

(COUNTY) COURTHOUSE

| | | | | |
|---|---|---|---|---|
| Case Number: | 8611 | Count: | 1 | Attorney for the State STEVEN R. HAWKINS |
| Judicial District | 04 | Judicial Division | | Counsel for Defendant PRO-SE |

☐ Retained ☐ Appointed ☐ Public Defender

Tennessee

DENNIS R. BOLZE

Alias

Date of Birth 11/28/1948 Sex M Race WHITE SSN ▮▮▮▮▮▮

From Indictment # 8611 Warrant # TDOC #

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the 28th day of August 2001, the defendant: Filing Date / /

☒ Pled Guilty ☐ Dismissed/Nolle Prosequi
☐ Nolo Contendere ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Is found: ☐ Guilty ☐ Not Guilty
☐ Jury Verdict ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class(circle one): 1st A B C D (E) ☒ Felony ☐ Misdemeanor

Offense FAILURE TO FILE SALES TAX RETURN

Amended Charge

Offense date SEPTEMBER 1997 County SEVIER

Conviction offense FAILURE TO FILE SALES TAX RETURN

TCA: 67-1-1440(D) Sentence-imposed date 08/28/2001

Conviction class(circle one): 1st A B C D (E) ☒ Felony ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☒ Sentence Reform Act of 1989

Offender Status (Check One)
(Other than 1st degree murder)
☐ Mitigated
☒ Standard
☐ Multiple
☐ Persistent
☐ Career
☐ RepeatViolent

Release Eligibility (Check One)
(Other than 1st degree murder)
☐ Mitigated 20% ☐ Multiple Rapist 100%
☐ Mitigated 30% ☐ Child Rapist 100%
☒ Standard 30% ☐ Repeat Violent 100%
☐ Multiple 35%
☐ Persistent 45%
☐ Career 60%
☐ Violent 100%

☐ 1st Degree Murder Concurrent with:

☐ Pre 1982 Sentence

☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

Misc. (if applicable)
☐ School Zone
☐ Gang Related

CIRCUIT COURT FILED

Consecutive to:

SEP 2 0 2001

JANETTE LAYMAN-BALLARD
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

Sentenced to: Sentenced Length: 2 YEARS

☐ DOC 2 Years Months Days Life Life Without Parole Death
Mandatory Minimum Sentence ( 39-17-417, 39-13-513, 39-13-514 in school zone or 55-10-401 - 4th Offense)

☐ County Jail ☐ Workhouse Years Months Days Hours Week-ends Periodic:( )
Mandatory Minimum Sentence ( 39-17-417, 39-13-513, 39-13-514 in school zone or 55-10-401 - 4th Offense)

Period of Incarceration to be Served Prior to Release on Probation Months Days Hours (Misdemeanor Only)

% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation ☐ Diversion Years Months Days Effective:

☐ Community Based Alternative Years Months Days Hours Week-ends

Specify:

Pretrial Jail Credit Period: from / / to / / from / / to / / or Number of Days:

Court Ordered Fees and Fines: Restitution
Criminal Injuries Compensation Fund Victim Name
Supervision Address
Child Support
Court Costs Total Amount $ $ Per month
$ 1000.00 Fine Assessed Cost To Be Paid By ☐ Unpaid Community Service: Hours Days Weeks Months
$ Sex Offender Tax ☒ Defendant ☐ State

☒ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Special Conditions: SUPERVISED PROBATION FOR FULL TERM.

REX HENRY OGLE
Judge's Name Judge's Signature

08/28/2001
Date of Entry of Judgment

Attorney for State/Signature (optional) Defendant's Attorney/Signature (optional)

Appendix page 11

A-32

Case: 24-5492    Document: 12    Filed: 05/07/2024    Page: 56

| Case Number: | 8611 | Count#: | 2 | Attorney for the State | STEVEN R. HAWKINS |
|---|---|---|---|---|---|
| Judicial District | 04 | Judicial Division | | Counsel for Defendant | PRO-SE |

☐ Retained  ☐ Appointed  ☐ Public Defender

Tennessee
vs.
De

**DENNIS R. BOLZE**    Alias

Date of Birth 11/28/1948    Sex M    Race WHITE    SSN ▓▓▓▓▓▓

From Indictment # 8611    Warrant #    TDOC #

TBI Document Control #

# JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the 28th day of August 2001, the defendant:    Filing Date / /

☒ Pled Guilty  ☐ Dismissed/Nolle Prosequi
☐ Nolo Contendere  ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Indictment: Class(circle one): 1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor
Offense  FAILURE TO FILE SALES TAX RETURN
Amended Charge
Offense date OCTOBER 1997    County    SEVIER
Conviction offense  FAILURE TO FILE SALES TAX RETURN
TCA#:  67-1-1440(D)    Sentence-imposed date  08/28/2001
Conviction class(circle one):  1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor

Is found:
☐ Jury Verdict  ☐ Guilty  ☐ Not Guilty
☐ Bench Trial  ☐ Not Guilty by Reason of Insanity

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☒ Sentence Reform Act of 1989
Offender Status (Check One)  Release Eligibility (Check One)
(Other than 1st degree murder)  (Other than 1st degree murder)
☐ Mitigated  ☐ Mitigated 20%  ☐ Multiple Rapist 100%
☐ Standard  ☐ Mitigated 30%  ☐ Child Rapist 100%
☒ Multiple  ☒ Standard 30%  ☐ Repeat Violent 100%
☐ Persistent  ☐ Multiple 35%
☐ Career  ☐ Persistent 45%    Misc. (if applicable)
☐ Repeat Violent  ☐ Career 60%  ☐ School Zone
☐ Violent 100%  ☐ Gang Related

☐ 1st Degree Murder    Concurrent with:
☐ Pre 1982    Sentence:

☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

Consecutive to:
COUNT 1, SEVIER COUNTY CIRCUIT 8611
HOUR ___ M

SEP 20 2001

JEANETTE LAYMAN CILLARD
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

Sentenced to:
☐ TDOC    Sentenced Length: 2 YEARS
2 Years ___ Months ___ Days ___ Life  ☐ Life Without Parole  ☐ Death
Mandatory Minimum Sentence ( ___ 39-17-417, 39-13-513, 39-13-514 in school zone or ___ 55-10-401 - 4th Offense)
☐ County Jail  ☐ Workhouse
___ Years ___ Months ___ Days ___ Hours ___ Periodic: ( ___ )
Mandatory Minimum Sentence ( ___ 39-17-417, 39-13-513, 39-13-514 in school zone or ___ 55-10-401 - 4th Offense)
Period of Incarceration to be Served Prior to Release on Probation ___ Months ___ Days ___ Hours (Misdemeanor Only)
% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation  ☐ Diversion  ___ Years ___ Months ___ Days Effective:
☐ Community Based Alternative  ___ Years ___ Months ___ Days ___ Hours ___ Week-ends
Specify:

Pretrial Jail Credit Period: from / / to / / from / / to / / or Number of Days:

Court Ordered Fees and Fines:    Restitution
___ Criminal Injuries Compensation Fund    Victim Name
___ Supervision    Address
___ Child Support
___ Court Costs    Total Amount $ ___ $ ___ Per month
___ Fine Assessed    Cost To Be Paid By  ☐ Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months
___ Sex Offender Tax  ☒ Defendant  ☐ State

☒ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Special Conditions:
SUPERVISED PROBATION FOR FULL TERM.

REX HENRY OGLE    08/28/2001
Judge's Name    Judge's Signature    Date of Entry of Judgment

Attorney for State/Signature (optional)    Defendant's Attorney/Signature (optional)

Appendix
page 12

A.33

© Case 24-5192 Document: 12 Filed: 05/09/2024 Page: 57

COUNTY, TENNESSEE

| | | | | |
|---|---|---|---|---|
| Case Number: | 8611 | Count: | 3 | Attorney for the State: STEVEN R. HAWKINS |
| Judicial District | 04 | Judicial Division | | Counsel for Defendant: PRO-SE |

☐ Retained  ☐ Appointed  ☐ Public Defender

Tennessee

Vs.
Def: **DENNIS R. BOLZE**   Alias

Date of Birth **11/28/1948**  Sex **M**  Race **WHITE**   SSN ▬▬▬

From Indictment # **8611**   Warrant #   TDOC #

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the **28th** day of **August** **2001**, the defendant:    Filing Date   /  /

☒ Pled Guilty  ☐ Dismissed/Nolle Prosequi
☐ Nolo Contendere  ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Is found:  ☐ Guilty  ☐ Not Guilty
☐ Jury Verdict  ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class(circle one): 1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor

Offense **FAILURE TO FILE SALES TAX RETURN**

Amended Charge

Offense date **NOVEMBER 1997**   County   **SEVIER**

Conviction offense **FAILURE TO FILE SALES TAX RETURN**

TCA#: **67-1-1440(D)**   Sentence-imposed date **08/28/2001**

Conviction class(circle one): 1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☐ Sentence Reform Act of 1989
Offender Status (Check One)
(Other than 1st degree murder)
☐ Mitigated
☐ Standard
☒ Multiple
☐ Persistent
☐ Career
☐ Repeat Violent

Release Eligibility (Check One)
(Other than 1st degree murder)
☐ Mitigated 20%  ☐ Multiple Rapist 100%
☐ Mitigated 30%  ☐ Child Rapist 100%
☒ Standard 30%  ☐ Repeat Violent 100%
☐ Multiple 35%  Misc. (if applicable)
☐ Persistent 45%  ☐ School Zone
☐ Career 60%  ☐ Gang Related
☐ Violent 100%

☐ 1st Degree Murder
☐ Pre 1982  Sentence:

☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

Concurrent with:

Consecutive to:
COUNT 2, SEVIER COUNTY CIRCUIT 8611

FILED
SEP 2 0 2001
JANETTE LATHAM-HALLAND
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

Sentenced to:
☒ TDOC

Sentenced Length: **2 YEARS**

**2** Years   Months   Days   Life   Life Without Parole   Death

Mandatory Minimum Sentence (   39-17-417, 39-13-513, 39-13-514 in school zone or   35-10-40 1  4th Offense)

☐ County Jail  ☐ Workhouse   Years   Months   Days   Hours   Week-ends   Periodic:(   )

Mandatory Minimum Sentence (   39-17-417, 39-13-513, 39-13-514 in school zone or   55-10-401  4th Offense)

Period of Incarceration to be Served Prior to Release on Probation   Months   Days   Hours (Misdemeanor Only)

% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation  ☐ Diversion   Years   Months   Days   Effective:

☐ Community Based Alternative   Years   Months   Days   Hours   Week-ends

Specify:

Pretrial Jail Credit Period: from  /  /  to  /  /   from  /  /  to  /  /   or Number of Days:

Court Ordered Fees and Fines:
Criminal Injuries Compensation Fund
Supervision
Child Support
Court Costs

$   Fine Assessed   Cost To Be Paid By ☒ Defendant ☐ State
$   Sex Offender Tax

Restitution
Victim Name
Address

Total Amount $   $   Per month
☐ Unpaid Community Service:   Hours   Days   Weeks   Months

☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☒ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Special Conditions:
**SUPERVISED PROBATION FOR FULL TERM.**

REX HENRY OGLE
Judge's Name    Judge's Signature    08/28/2001
Date of Entry of Judgment

Attorney for State/Signature (optional)    Defendant's Attorney/Signature (optional)

Appendix page 13

A-34

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 58

STATE OF TENNESSEE

| Case Number: | 8611 | County: | 4 | Attorney for the State | STEVEN R. HAWKINS |
|---|---|---|---|---|---|
| Judicial District | 04 | Judicial Division | | Counsel for Defendant | PRO-SE |

☐ Retained  ☐ Appointed  ☐ Public Defender

State f Tennessee

| D: | DENNIS R. BOLZE | Alias | |
|---|---|---|---|
| Date of Birth | 11/28/1948  Sex M  Race  WHITE | SSN | ▓▓▓▓▓ |
| From Indictment # | 8611  Warrant # | TDOC # | |
| | | TBI Document Control # | |

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the 28th day of August 2001, the defendant:

Filing Date  /  /

☒ Pled Guilty  ☐ Dismissed/Nolle Prosequi
☐ Nolo Contendere  ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Is found:
☐ Guilty  ☐ Not Guilty
☐ Jury Verdict  ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class(circle one): 1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor

Offense  FAILURE TO FILE SALES TAX RETURN

Amended Charge

Offense date  DECEMBER 1997  County  SEVIER

Conviction offense  FAILURE TO FILE SALES TAX RETURN

TCA#:  67-1-1440(D)  Sentence-imposed date  08/28/2001

Conviction class(circle one):  1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

Concurrent with:

☒ Sentence Reform Act of 1989
Offender Status (Check One)  Release Eligibility (Check One)
(Other than 1st degree murder)  (Other than 1st degree murder)
☐ Mitigated  ☐ Mitigated 20%  ☐ Multiple Rapist 100%
☐ Standard  ☐ Mitigated 30%  ☐ Child Rapist 100%
☒ Multiple  ☒ Standard 30%  ☐ Repeat Violent 100%
☐ Persistent  ☐ Multiple 35%
☐ Career  ☐ Persistent 45%
☐ Repeat Violent  ☐ Career 60%
☐ Violent 100%

☐ 1st Degree Murder
☐ Pre 1982  Sentence:

☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

Misc: (if applicable)
☐ School Zone
☐ Gang Related

COUNT 3, SEVIER COUNTY CIRCUIT 8611

Consecutive to:

COUNT 2, SEVIER COUNTY CIRCUIT 8611

CIRCUIT COURT
FILED
HOUR ____ 14
SEP 20 2001
DIANNE DELOZIER BALLARD
BY __ SEVIER COURT CLERK __
SEVIER COUNTY
D.C.

Sentenced to:  2 YEARS

Sentence Length:  2  Years  Months  Days  Life  ☐ Life Without Parole  ☐ Death

☐ TDOC
Mandatory Minimum Sentence (  39-17-417, 39-13-513, 39-13-514 in school zone or  55-10-401 - 4th Offense)

☐ County Jail  ☐ Workhouse  Years  Months  Days  Hours  Week-ends  Periodic( )
Mandatory Minimum Sentence (  39-17-417, 39-13-513, 39-13-514 in school zone or  55-10-401 - 4th Offense)
Period of Incarceration to be Served Prior to Release on Probation  Months  Days  Hours (Misdemeanor Only)

____% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation  ☐ Diversion  Years  Months  Days  Effective:
☐ Community Based Alternative  Years  Months  Days  Hours  Week-ends

Specify:

Pretrial Jail Credit Period: from  /  /  to  /  /  from  /  /  to  /  /  or Number of Days:

Court Ordered Fees and Fines:
Criminal Injuries Compensation Fund
Supervision
Child Support
Court Costs
$  Fine Assessed  Cost To Be Paid By
$  Sex Offender Tax  ☒ Defendant ☐ State

Restitution
Victim Name:
Address:

Total Amount $ ____ $ ____ Per month
☐ Unpaid Community Service: ____ Hours ____ Days ____ Weeks ____ Months

☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Special Conditions:  SUPERVISED PROBATION FOR FULL TERM.

| REX HENRY OGLE | [signature] | 08/28/2001 |
|---|---|---|
| Judge's Name | Judge's Signature | Date of Entry of Judgment |

Attorney for State/Signature (optional)    Defendant's Attorney/Signature (optional)

Appendix
page  14

A·35

Case 24-5197   Document: 12   Filed: 05/09/2024   Page: 59

| Case Number: | 8611 | Count#: | 5 | Attorney for the State | STEVEN R. HAWKINS |
|---|---|---|---|---|---|
| Judicial District | 04 | Judicial Division | | Counsel for Defendant | PRO-SE |

☐ Retained  ☐ Appointed  ☐ Public Defender

State of Tennessee

Defendant: **DENNIS R. BOLZE**    Alias

| Date of Birth | 11/28/1948 | Sex | M | Race | WHITE | SSN | ▮▮▮▮▮ |
|---|---|---|---|---|---|---|---|

From Indictment #   8611    Warrant #

TDOC #

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the **28th** day of **August** **2001**, the defendant:    Filing Date  /  /

☐ Pled Guilty  ☒ Dismissed/Nolle Prosequi
☐ Nolo Contendere  ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Is found:
☐ Jury Verdict  ☐ Guilty  ☐ Not Guilty
☐ Bench Trial  ☐ Not Guilty by Reason of Insanity

Indictment: Class (circle one): 1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor
Offense  **FAILURE TO FILE SALES TAX RETURN**
Amended Charge
Offense date  /  /                County  **SEVIER**
Conviction offense
TCA#:                  Sentence-imposed date  /  /
Conviction class (circle one): 1st  A  B  C  D  E  ☐ Felony  ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☐ Sentence Reform Act of 1989    ☐ 1st Degree Murder    Concurrent with:

Offender Status (Check One)    Release Eligibility (Check One)
(Other than 1st degree murder)    (Other than 1st degree murder)
☐ Mitigated    ☐ Mitigated 20%    ☐ Multiple Rapist 100%
☐ Standard    ☐ Mitigated 30%    ☐ Child Rapist 100%
☐ Multiple    ☐ Standard 30%    ☐ Repeat Violent 100%
☐ Persistent    ☐ Multiple 35%    Misc. (if applicable)
☐ Career    ☐ Persistent 45%    ☐ School Zone
☐ RepeatViolent    ☐ Career 60%    ☐ Gang Related
☐ Violent 100%

☐ Pre 1982    Sentence:
☐ Sentence Reform Act of 1982    Consecutive to:
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

CIRCUIT COURT FILED

Sentenced to:
☐ DOC    Sentenced Length:
Years   Months   Days   Life    Life Without Parole   2001   Death
Mandatory Minimum Sentence    39-17-417, 39-13-513, 39-13-514 in school zone or    55-10-401 - 4th Offense)
☐ Jail  ☐ Workhouse
Years   Months   Days   Hours   Week-ends
Mandatory Minimum Sentence    39-17-417, 39-13-513, 39-13-514 in school zone or    55-10-401 - 4th Offense)
Period of Incarceration to be Served Prior to Release on Probation    Months   Days   Hours (Misdemeanor Only)
% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)
☐ Probation  ☐ Diversion    Years   Months   Days   Effective:
☐ Community Based Alternative    Years   Months   Days   Hours   Week-ends
Specify:

Pretrial Jail Credit Period: from  /  /  to  /  /  from  /  /  to  /  /  or Number of Days:

Court Ordered Fees and Fines:    Restitution
Criminal Injuries Compensation Fund    Victim Name
Supervision
Child Support    Address
Court Costs
Total Amount $ _____ $ _____ Per month
Fine Assessed    Cost To Be Paid By    ☐ Unpaid Community Service:  Hours  Days  Weeks  Months
Sex Offender Tax    ☐ Defendant  ☒ State

☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Special Conditions:

**REX HENRY OGLE**
Judge's Name    Judge's Signature    Date of Entry of Judgment  /  /

Attorney for State/Signature (optional)    Defendant's Attorney/Signature (optional)

Appendix page 15

A-36

Case: 24-5199   Document: 12   Filed: 05/09/2024   Page: 60

| Case Number: | 8611 | | Count#: | 6 | Attorney for the State | STEVEN R. HAWKINS |
|---|---|---|---|---|---|---|
| Judicial District | 04 | | Judicial Division | | Counsel for Defendant | PRO-SE |

☐ Retained   ☐ Appointed   ☐ Public Defender

of Tennessee

**DENNIS R. BOLZE**   Alias

| Date  rth | 11/28/1948 | Sex | M | Race | WHITE | SSN |
|---|---|---|---|---|---|---|

From Indictment #   8611   Warrant #   TDOC #

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the   28th   day of   August   2001   , the defendant:   Filing Date / /

☐ Pled Guilty   ☒ Dismissed/Nolle Prosequi
☐ Nolo Contendere   ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Is found:   ☐ Guilty   ☐ Not Guilty
☐ Jury Verdict   ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class(circle one): 1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor

Offense  FAILURE TO FILE SALES TAX RETURN

Amended Charge

Offense date / /   County   SEVIER

Conviction offense

TCA #   Sentence-imposed date / /

Conviction class(circle one): 1st  A  B  C  D  E  ☐ Felony  ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☐ Sentence Reform Act of 1989

| Offender Status (Check One) (Other than 1st degree murder) | Release Eligibility (Check One) (Other than 1st degree murder) |
|---|---|
| ☐ Mitigated | ☐ Mitigated 20% |
| ☐ Standard | ☐ Mitigated 30% |
| ☐ Multiple | ☐ Standard 30% |
| ☐ Persistent | ☐ Multiple 35% |
| ☐ Career | ☐ Persistent 45% |
| ☐ Repeat Violent | ☐ Career 60% |
| | ☐ Violent 100% |

☐ Multiple Rapist 100%
☐ Child Rapist 100%
☐ Repeat Violent 100%

Misc. (if applicable)
☐ School Zone
☐ Gang Related

Sentence Reform Act of 1989

☐ 1st Degree Murder
☐ Pre 1982   Sentence:

Concurrent with:

☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

CIRCUIT COURT
FILED

SEP 20 2001

JANETTE LAYMAN SALLING
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

Consecutive to:

Sentenced to:
☐ DOC
☐ Jail   ☐ Workhouse

Sentenced Length:
Years   Months   Days   Life   Life Without Parole   Death

Mandatory Minimum Sentence (   39-17-417, 39-13-513, 39-13-514 in school zone or   55-10-401 - 4th Offense)

Years   Months   Days   Hours   Week-ends   Periodic (

Mandatory Minimum Sentence (   39-17-417, 39-13-513, 39-13-514 in school zone or   55-10-401 - 4th Offense)

Period of Incarceration to be Served Prior to Release on Probation   Months   Days   Hours (Misdemeanor Only)

% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation   ☐ Diversion   Years   Months   Days   Effective:
☐ Community Based Alternative   Years   Months   Days   Hours   Week-ends

Specify:

etrial Jail Credit Period: from / /   to / /   from / /   to / /   or Number of Days:

Court Ordered Fees and Fines:
Criminal Injuries Compensation Fund
Supervision
Child Support
Court Costs
Fine Assessed
Sex Offender Tax

Restitution
Victim Name
Address

Total Amount $   $   Per month

Cost To Be Paid By   ☐ Defendant  ☒ State   ☐ Unpaid Community Service:   Hours   Days   Weeks   Months

ecial Conditions:   ☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

X HENRY OGLE
-udge's Name

Judge's Signature

/ /   Date of Entry of Judgment

Attorney for State/Signature (optional)   Defendant's Attorney/Signature (optional)

Appendix
page 16

A·37

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 61

| Case Number: | 8611 | | Count#: | 7 | | Attorney for the State | STEVEN R. HAWKINS |
|---|---|---|---|---|---|---|---|

| Judicial District | 04 | | Judicial Division | | | Counsel for Defendant | PRO-SE |
|---|---|---|---|---|---|---|---|

☐ Retained   ☐ Appointed   ☐ Public Defender

S___ Tennessee
v
De___  **DENNIS R. BOLZE**    Alias _____

| Date __ irth | 11/28/1948 | Sex | M | Race | WHITE | SSN | ▓▓▓▓▓ |
|---|---|---|---|---|---|---|---|

From Indictment #   8611    Warrant # _____    TDOC # _____

TBI Document Control # _____

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the  **28th**  day of  **August**  **2001** ,the defendant:    Filing Date  /  /

☐ Pled Guilty   ☒ Dismissed/Nolle Prosequi
☐ Nolo Contendere   ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Is found:   ☐ Guilty   ☐ Not Guilty
☐ Jury Verdict   ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class(circle one): 1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor
Offense  **FAILURE TO FILE SALES TAX RETURN**
Amended Charge _____
Offense date  /  /  _____   County  SEVIER
Conviction offense _____
TCA#: _____   Sentence-imposed date  /  /
Conviction class(circle one):   1st  A  B  C  D  E  ☐ Felony  ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☐ Sentence Reform Act of 1989   ☐ 1st Degree Murder   Concurrent with:

Offender Status (Check One)
(Other than 1st degree murder)
☐ Mitigated
☐ Standard
☐ Multiple
☐ Persistent
☐ Career
☐ RepeatViolent

Release Eligibility (Check One)
(Other than 1st degree murder)
☐ Mitigated 20%
☐ Standard 30%
☐ Multiple 35%
☐ Persistent 45%
☐ Career 60%
☐ Violent 100%

☐ Multiple Rapist 100%
☐ Child Rapist 100%
☐ Repeat Violent 100%
Misc. (if applicable)
☐ School Zone
☐ Gang Related

☐ Pre 1982   Sentence: _____

☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

CIRCUIT COURT
FILED

SEP 2 0 2001

JANETTE ____ ____
CIRCUIT ____
SEVIER COUNTY

Consecutive to:  _____

Sentenced to:
Sentenced Length:
☐ DOC   Years ___ Months ___ Days ___ Life ___ Life Without Parole ___ Death ___
Mandatory Minimum Sentence (    39-17-417, 39-13-513, 39-13-514 in school zone or    55-10-401 - 4th Offense)
☐ Jail  ☐ Workhouse   Years ___ Months ___ Days ___ Hours ___ Week-ends ___ Periodic:(
Mandatory Minimum Sentence (    39-17-417, 39-13-513, 39-13-514 in school zone or    55-10-401 - 4th Offense)
Period of Incarceration to be Served Prior to Release on Probation ___ Months ___ Days ___ Hours (Misdemeanor Only)
% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative
Programs (Misdemeanor Only)
☐ Probation  ☐ Diversion   Years ___ Months ___ Days  Effective: _____
☐ Community Based Alternative   Years ___ Months ___ Days ___ Hours ___ Week-ends ___
Specify: _____

Pretrial Jail Credit Period: from  /  /  to  /  /  from  /  /  to  /  /  or Number of Days _____

Court Ordered Fees and Fines:   Restitution
_____ Criminal Injuries Compensation Fund   Victim Name _____
_____ Supervision
_____ Child Support   Address _____
_____ Court Costs
Total Amount $ _____ $ _____ Per month _____
_____ Fine Assessed   ☐ Unpaid Community Service ___ Hours ___ Days ___ Weeks ___ Months
_____ Sex Offender Tax   Cost To Be Paid By   ☐ Defendant ☒ State

Special Conditions:  ☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

_X HENRY OGLE_   _(signature)_   _____
Judge's Name   Judge's Signature   Date of Entry of Judgment

_____   _____
Attorney for State/Signature (optional)   Defendant's Attorney/Signature (optional)

Appendix
page 17

A-38

Case: 24-5499    Document: 12    Filed: 05/09/1994    Page: 62

| Case Number: | 8611 | Count#: | 8 | Attorney for the State | STEVEN R. HAWKINS |
| Judicial District | 04 | Judicial Division | | Counsel for Defendant | PRO-SE |

☐ Retained   ☐ Appointed   ☐ Public Defender

S___ Tennessee
vs.
De___
DENNIS R. BOLZE                         Alias
Date __ Birth   11/28/1948   Sex  M   Race   WHITE         SSN
From Indictment #   8611   Warrant #                        TDOC #
                                                            TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the   28th   day of   August   2001   ,the defendant:          Filing Date   /   /

☐ Pled Guilty   ☒ Dismissed/Nolle Prosequi
☐ Nolo Contendere   ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Is found:   ☐ Guilty   ☐ Not Guilty
☐ Jury Verdict   ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Indictment: Class(circle one): 1st  A  B  C  D  Ⓔ ☒ Felony  ☐ Misdemeanor
Offense   FAILURE TO FILE SALES TAX RETURN
Amended Charge
Offense date   /   /                        County   SEVIER
Conviction offense
TCA#:                          Sentence-imposed date   /   /
Conviction class:(circle one):  1st  A  B  C  D  E  ☐ Felony  ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:     Concurrent with:

☐ Sentence Reform Act of 1989
Offender Status (Check One)        Release Eligibility (Check One)
(Other than 1st degree murder)     (Other than 1st degree murder)
☐ Mitigated        ☐ Mitigated 20%     ☐ Multiple Rapist 100%
☐ Standard         ☐ Mitigated 30%     ☐ Child Rapist 100%
☐ Multiple         ☐ Standard 30%      ☐ Repeat Violent 100%
☐ Persistent       ☐ Multiple 35%      — Misc. (if applicable) —
☐ Career           ☐ Persistent 45%    ☐ School Zone
☐ RepeatViolent    ☐ Career 60%        ☐ Gang Related
                   ☐ Violent 100%

☐ 1st Degree Murder
☐ Pre 1982   Sentence:

☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

Consecutive to:

CIRCUIT COURT
FILED

SEP 2 0 2001

JANETTE LATHAM BALLARD
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

Sentenced to:   ☐ OC

Sentenced Length:
____ Years  ____ Months  ____ Days  ____ Life   ☐ Life Without Parole   ☐ Death
Mandatory Minimum Sentence (        39-17-417, 39-13-513, 39-13-514 in school zone or        55-10-401 - 4th Offense)

☐ Jail   ☐ Workhouse
____ Years  ____ Months  ____ Days  ____ Hours  ____ Week-ends  ____ Periodic:(        )
Mandatory Minimum Sentence (        39-17-417, 39-13-513, 39-13-514 in school zone or        55-10-401 - 4th Offense)
Period of Incarceration to be Served Prior to Release on Probation ____ Months ____ Days ____ Hours (Misdemeanor Only)
% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation   ☐ Diversion   ____ Years  ____ Months  ____ Days  Effective:
☐ Community Based Alternative   ____ Years  ____ Months  ____ Days  ____ Hours  ____ Week-ends
Specify:

Pretrial Jail Credit Period: from  /  /  to  /  /  from  /  /  to  /  /  or Number of Days:

Court Ordered Fees and Fines:          Restitution
____ Criminal Injuries Compensation Fund   Victim Name
____ Supervision                           Address
____ Child Support
____ Court Costs                           Total Amount $ _____ $ _____ Per month
____ Fine Assessed                         ☐ Unpaid Community Service: ____ Hours ____ Days ____ Weeks ____ Months
____ Sex Offender Tax    Cost To Be Paid By
                         ☐ Defendant  ☒ State

Special Conditions:
☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

REX HENRY OGLE                                      /   /
Judge's Name          Judge's Signature          Date of Entry of Judgment

Attorney for State/Signature (optional)   Defendant's Attorney/Signature (optional)

Appendix
page  18

A-39

IN THE CRIMINAL/CIRCUIT COURT OF ___ SEVIER ___ COUNTY, TENNESSEE

Filed: 05/09/2024    Page: 63    Document: 12    Case: 24-5192

| | | |
|---|---|---|
| Case Number: **8611** | Count#: **9** | Attorney for the State **STEVEN R. HAWKINS** |
| Judicial District **04** | Judicial Division | Counsel for Defendant **PRO-SE** |

☐ Retained  ☐ Appointed  ☐ Public Defender

State ~~of Tennessee~~
vs.
Defe...    **DENNIS R. BOLZE**    Alias

Date of Birth **11/28/1948**  Sex **M**  Race **WHITE**    SSN ▮▮▮▮▮▮

From Indictment # **8611**    Warrant #    TDOC #

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the **28th** day of **August**, **2001**, the defendant,

☐ Pled Guilty  ☒ Dismissed/Nolle Prosequi    Filing Date / /
☐ Nolo Contendere  ☐ Retired/Unapprehended Defendant    Indictment: Class (circle one): 1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor
☐ Guilty Plea - Pursuant to 40-35-313    Offense **FAILURE TO FILE SALES TAX RETURN**

Amended Charge

Offense date / /    County **SEVIER**

Is found:    Conviction offense
☐ Jury Verdict  ☐ Guilty  ☐ Not Guilty    TCA#:    Sentence-imposed date / /
☐ Bench Trial  ☐ Not Guilty by Reason of Insanity    Conviction class (circle one): 1st  A  B  C  D  E  ☐ Felony  ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☐ Sentence Reform Act of 1989    ☐ 1st Degree Murder    Concurrent with:
Offender Status (Check One)    Release Eligibility (Check One)
(other than 1st degree murder)    (Other than 1st degree murder)    ☐ Pre 1982  Sentence:
☐ Mitigated  ☐ Mitigated 20%  ☐ Multiple Rapist 100%
☐ Standard  ☐ Mitigated 30%  ☐ Child Rapist 100%    ☐ Sentence Reform Act of 1982    Consecutive to:
☐ Multiple  ☐ Standard 30%  ☐ Repeat Violent 100%
☐ Persistent  ☐ Multiple 35%    Misc. (if applicable)    ☐ 30% Range 1
☐ Career  ☐ Persistent 45%    ☐ School Zone    ☐ 35% Range 2
☐ Repeat Violent  ☐ Career 60%    ☐ Gang Related    ☐ 40% Range 3
☐ Violent 100%

*(stamp)* CIRCUIT COURT FILED  SEP 2 0 2001  JANETTE UNDERWOOD  CIRCUIT COURT CLERK  SEVIER COUNTY, TN

...ed to:

Sentenced Length:
___ Years ___ Months ___ Days ___ Life ___ Life Without Parole ___ Death
Mandatory Minimum Sentence ( ___ 39-17-417, 39-13-513, 39-13-514 in school zone or ___ 55-10-401 - 4th Offense)
☐ County Jail  ☐ Workhouse    ___ Years ___ Months ___ Days ___ Hours ___ Week-ends ___ Periodic: ( ___ )
Mandatory Minimum Sentence ( ___ 39-17-417, 39-13-513, 39-13-514 in school zone or ___ 55-10-401 - 4th Offense)
Period of Incarceration to be Served Prior to Release on Probation ___ Months ___ Days ___ Hours (Misdemeanor Only)
% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation  ☐ Diversion    ___ Years ___ Months ___ Days  Effective:
☐ Community Based Alternative    ___ Years ___ Months ___ Days ___ Hours ___ Week-ends
...pecify:

...al Jail Credit Period: from / / to ___ from / / to / / ___ or Number of Days: ___

...Ordered Fees and Fines:    Restitution
___ Criminal Injuries Compensation Fund    Victim Name
___ Supervision
___ Child Support    Address
___ Court Costs
Total Amount $ ___ $ ___ Per month
___ Fine Assessed  Cost To Be Paid By    ☐ Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months
___ Sex Offender Tax    ☐ Defendant  ☒ State

...al Conditions:
☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

**HENRY OGLE**    *(signature)*
Judge's Name    Judge's Signature    Date of Entry of Judgment / /

Attorney for State/Signature (optional)    Defendant's Attorney/Signature (optional)

Appendix page 19    A-40

# IN THE CRIMINAL/CIRCUIT COURT OF SEVIER COUNTY, TENNESSEE

| | | | |
|---|---|---|---|
| Case Number: 8611 | Count#: 10 | Attorney for the State | STEVEN R. HAWKINS |
| Judicial District 04 | Judicial Division | Counsel for Defendant | PRO-SE |

☐ Retained ☐ Appointed ☐ Public Defender

State of Tennessee

Defendant **DENNIS R. BOLZE**   Alias

Date of Birth **11/28/1948** Sex **M** Race **WHITE**   SSN

Original Indictment # **8611** Warrant #   TDOC #

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the **28th** day of **August**, **2001**, the defendant:   Filing Date / /

☐ Pled Guilty  ☒ Dismissed/Nolle Prosequi
☐ Nolo Contendere  ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Indictment: Class(circle one): 1st  A  B  C  D  Ⓔ ☒ Felony ☐ Misdemeanor

Offense **FAILURE TO FILE SALES TAX RETURN**

Amended Charge

Offense date / /   County **SEVIER**

Conviction offense

TCA#:   Sentence-imposed date / /

Conviction class(circle one): 1st  A  B  C  D  E  ☐ Felony ☐ Misdemeanor

Found:
☐ Guilty ☐ Not Guilty
☐ Jury Verdict ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

**Sentence Reform Act of 1989**

Offender Status (Check One)   Release Eligibility (Check One)
(Other than 1st degree murder)   (Other than 1st degree murder)

☐ Mitigated   ☐ Mitigated 20%   ☐ Multiple Rapist 100%
☐ Standard   ☐ Mitigated 30%   ☐ Child Rapist 100%
☐ Multiple   ☐ Standard 30%   ☐ Repeat Violent 100%
☐ Persistent   ☐ Multiple 35%
☐ Career   ☐ Persistent 45%   Misc. (if applicable)
☐ Repeat Violent   ☐ Career 60%   ☐ School Zone
  ☐ Violent 100%   ☐ Gang Related

☐ 1st Degree Murder   Concurrent with:

☐ Pre 1982   Sentence:

☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

Consecutive to:

HOUR _____ M

SEP 20 2001

JANETTE LAYMAN-CLELAND
CIRCUIT COURT CLERK

Sentenced to:

Sentenced Length: _____ Years _____ Months _____ Days _____ Life _____ Life Without Parole _____ Death

Mandatory Minimum Sentence ( 39-17-417, 39-13-513, 39-13-514 in school zone or _____ 55-10-401 - 4th Offense)

☐ TDOC   ☐ County Jail   ☐ Workhouse   _____ Years _____ Months _____ Days _____ Hours _____ Week-ends _____ Periodic:

Mandatory Minimum Sentence ( 39-17-417, 39-13-513, 39-13-514 in school zone or _____ 55-10-401 - 4th Offense)

Period of Incarceration to be Served Prior to Release on Probation _____ Months _____ Days _____ Hours (Misdemeanor Only)

_____ % Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation   ☐ Diversion   _____ Years _____ Months _____ Days  Effective:

☐ Community Based Alternative   _____ Years _____ Months _____ Days _____ Hours _____ Week-ends

Specify:

Pretrial Jail Credit Period: from / / to / / from / / to / / or Number of Days:

Court Ordered Fees and Fines:
_____ Criminal Injuries Compensation Fund
_____ Supervision
_____ Child Support
_____ Court Costs

Restitution
Victim Name
Address

Total Amount $ _____ $ _____ Per month

_____ Fine Assessed   Cost To Be Paid By   Unpaid Community Service: _____ Hours _____ Days _____ Weeks _____ Months
_____ Sex Offender Tax   ☐ Defendant ☒ State

Special Conditions:
☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

**REX HENRY OGLE**
Judge's Name

Judge's Signature   Date of Entry of Judgment / /

Attorney for State/Signature (optional)   Defendant's Attorney/Signature (optional)

Appendix page 20

A-41

Case 1:24-cv-00192  Document 12  Filed 05/10/24  Page 64 of 64

Case: 24-5192   Document: 10   Filed: 07/09/2024   Page: 65

# IN THE CRIMINAL/CIRCUIT COURT OF

Number: **8611**    County#: **11**

Attorney for the State    **STEVEN R. HAWKINS**

Counsel for Defendant    **PRO-SE**

...cial District **04**    Judicial Division

☐ Retained  ☐ Appointed  ☐ Public Defender

...e of ...)

...endant    **DENNIS R. BOLZE**    Alias

...e of Birth **11/28/1948**  Sex **M**  Race **WHITE**    SSN ▮▮▮▮▮▮

...m Indictment # **8611**    Warrant #    TDOC #

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

...the **28th** day of **August** 2001, the defendant,    Filing Date  /  /

☐ Pled Guilty    ☒ Dismissed/Nolle Prosequi
☐ Nolo Contendere    ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Indictment: Class(circle one): 1st  A  B  C  D  Ⓔ  ☒ Felony  ☐ Misdemeanor

Offense **FAILURE TO FILE SALES TAX RETURN**

Amended Charge

Offense date  /  /    County **SEVIER**

Conviction offense

...ground:
☐ Jury Verdict    ☐ Guilty    ☐ Not Guilty
☐ Bench Trial    ☐ Not Guilty by Reason of Insanity

TCA #:    Sentence-imposed date  /  /

Conviction class(circle one): 1st  A  B  C  D  E  ☐ Felony  ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

Sentence Reform Act of 1989

☐ 1st Degree Murder    Concurrent with:

(Offender Status (Check One)
(other than 1st degree murder)     Release Eligibility (Check One)
(Other than 1st degree murder)

☐ Pre 1982    Sentence:

☐ Mitigated    ☐ Mitigated 20%    ☐ Multiple Rapist 100%
☐ Standard    ☐ Mitigated 30%    ☐ Child Rapist 100%
☐ Multiple    ☐ Standard 30%    ☐ Repeat Violent 100%
☐ Persistent    ☐ Multiple 35%
☐ Career    ☐ Persistent 45%    Misc. (if applicable)
☐ RepeatViolent    ☐ Career 60%    ☐ School Zone
☐ Violent 100%    ☐ Gang Related

Consecutive to:

Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

CIRCUIT COURT    FILED
HOUR    M

SEP 20 2001

JANELYN LATINEN-HALLARD
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

...enced to:    Sentenced Length:

☐ ...DC    Years    Months    Days    Life    Life Without Parole    Death

Mandatory Minimum Sentence (    39-17-417, 39-13-513, 39-13-514 in school zone or    55-10-401 - 4th Offense)

☐ County Jail  ☐ Workhouse    Years    Months    Days    Hours    Week-ends    Periodic(

Mandatory Minimum Sentence (    39-17-417, 39-13-513, 39-13-514 in school zone or    55-10-401 - 4th Offense)

Period of Incarceration to be Served Prior to Release on Probation    Months    Days    Hours (Misdemeanor Only)

% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative
Programs (Misdemeanor Only)

☐ Probation  ☐ Diversion    Years    Months    Days    Effective:

☐ Community Based Alternative    Years    Months    Days    Hours    Week-ends

Specify:

Total Jail Credit Period: from  /  /  to  /  /    from  /  /  to  /  /    or Number of Days:

Court Ordered Fees and Fines:    Restitution
    Criminal Injuries Compensation Fund    Victim Name
    Supervision    Address
    Child Support
    Court Costs
    Total Amount $    $    Per month

    Fine Assessed    Cost To Be Paid By    ☐ Unpaid Community Service:    Hours    Days    Weeks    Months
    Sex Offender Tax    ☐ Defendant  ☒ State

☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

...ecial Conditions:

**REX HENRY OGLE**
Judge's Name    Judge's Signature    Date of Entry of Judgment  /  /

Attorney for State/Signature (optional)    Defendant's Attorney/Signature (optional)

Appendix page 21



A-42

Case: 24-5559 Document: 12 Filed: 07/15/24 Page: 66

IN THE CRIMINAL/CIRCUIT COURT OF    SEVIER    COUNTY, TENNESSEE

| | | |
|---|---|---|
| Number: | 8611 | Count #: 12 |

Attorney for the State: STEVEN R. HAWKINS

Counsel for Defendant: PRO-SE

Judicial District: 04     Judicial Division

☐ Retained ☐ Appointed ☐ Public Defender

Defendant: DENNIS R. BOLZE     Alias

Date of Birth 11/28/1948   Sex M   Race WHITE    SSN ▮▮▮▮▮

TDOC #

Indictment # 8611    Warrant #

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

the 28th day of August, 2001, the defendant:

Filing Date / /

☐ Pled Guilty   ☒ Dismissed/Nolle Prosequi
☐ Nolo Contendere   ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Indictment: Class(circle one): 1st A B C D Ⓔ Felony ☐ Misdemeanor

Offense FAILURE TO FILE SALES TAX RETURN

Amended Charge

Offense date / /    County SEVIER

Conviction offense

TCA #:    Sentence-imposed date / /

Found: ☐ Guilty ☐ Not Guilty

☐ Jury Verdict ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

Conviction class(circle one): 1st A B C D E ☐ Felony ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☐ Sentence Reform Act of 1989

Offender Status (Check One)
(Other than 1st degree murder)
☐ Mitigated
☐ Standard
☐ Multiple
☐ Persistent
☐ Career
☐ Repeat Violent

Release Eligibility (Check One)
(Other than 1st degree murder)
☐ Mitigated 20%
☐ Mitigated 30%
☐ Standard 30%
☐ Multiple 35%
☐ Persistent 45%
☐ Career 60%
☐ Violent 100%

☐ Multiple Rapist 100%
☐ Child Rapist 100%
☐ Repeat Violent 100%

Misc. (if applicable)
☐ School Zone
☐ Gang Related

☐ 1st Degree Murder
☐ Pre 1982   Sentence:

☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

Concurrent with:

Consecutive to:

CIRCUIT COURT FILED
HOUR
SEP 20 2001
JANETTE HILLMAN BALLARD
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

Sentenced to:
Sentenced Length:   Years   Months   Days   Life   Life Without Parole   Death
Mandatory Minimum Sentence (   39-17-417, 39-13-513, 39-13-514 in school zone or   55-10-401 - 4th Offense)

☐ County Jail ☐ Workhouse
Years   Months   Days   Hours   Week-ends   Periodic:(
Mandatory Minimum Sentence (   39-17-417, 39-13-513, 39-13-514 in school zone or   55-10-401 - 4th Offense)

Period of Incarceration to be Served Prior to Release on Probation   Months   Days   Hours (Misdemeanor Only)
% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation ☐ Diversion   Years   Months   Days Effective:

☐ Community Based Alternative   Years   Months   Days   Hours   Week-ends

☐ Modify:

Jail Credit Period: from / / to / / from / / to / / or Number of Days:

Court Ordered Fees and Fines:
Criminal Injuries Compensation Fund
Supervision
Child Support
Court Costs
Fine Assessed
Sex Offender Tax

Restitution
Victim Name
Address
Total Amount $   $   Per month
☐ Unpaid Community Service:   Hours   Days   Weeks   Months

Cost To Be Paid By
☐ Defendant ☒ State

☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Special Conditions:

X HENRY OGLE
Judge's Name

Judge's Signature

/ /
Date of Entry of Judgment

Attorney for State/Signature (optional)    Defendant's Attorney/Signature (optional)

Appendix page 22

A-43

IN THE CRIMINAL/CIRCUIT COURT OF **SEVIER** COUNTY, TENN.

| | | | |
|---|---|---|---|
| Number: 8611 | Count: 13 | Attorney for the State | STEVEN R. HAWKINS |
| District 04 | Judicial Division | Counsel for Defendant | PRO-SE |

☐ Retained ☐ Appointed ☐ Public Defender

of 1

| | | Alias | |
|---|---|---|---|
| Defendant: **DENNIS R. BOLZE** | | SSN | |
| Date of Birth 11/28/1948 Sex M Race **WHITE** | | TDOC # | |
| Indictment # 8611 Warrant # | | TBI Document Control # | |

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

the **28th** day of **August** **2001**, the defendant: Filing Date

| | |
|---|---|
| ☐ Pled Guilty  ☒ Dismissed/Nolle Prosequi | Indictment: Class (circle one): 1st A B C D (E) ☒ Felony ☐ Misdemeanor |
| ☐ Nolo Contendere  ☐ Retired/Unapprehended Defendant | Offense FAILURE TO FILE SALES TAX RETURN |
| ☐ Guilty Plea - Pursuant to 40-35-313 | Amended Charge |
| | Offense date / / County **SEVIER** |
| Found: ☐ Guilty ☐ Not Guilty | Conviction offense |
| ☐ Jury Verdict ☐ Not Guilty by Reason of Insanity | TCA# Sentence-imposed date |
| ☐ Bench Trial | Conviction class (circle one): 1st A B C D E ☐ Felony ☐ Misdemeanor |

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference

herein, the Court's findings and rulings are: Concurrent with:

Sentence Reform Act of 1989

| | | | | |
|---|---|---|---|---|
| (Greater Status (Check One) (less than 1st degree murder) | Release Eligibility (Check One) (Other than 1st degree murder) | | ☐ 1st Degree Murder | |
| ☐ Mitigated | ☐ Mitigated 20% | ☐ Multiple Rapist 100% | ☐ Pre 1982 Sentence | CIRCUIT COURT |
| ☐ Standard | ☐ Mitigated 30% | ☐ Child Rapist 100% | | Consecutive to: FILED |
| ☐ Multiple | ☐ Standard 30% | ☐ Repeat Violent 100% | ☐ Sentence Reform Act of 1989 | HOUR M |
| ☐ Persistent | ☐ Multiple 35% | Misc. (if applicable) | ☐ 30% Range 1 | SEP 20 2001 |
| ☐ Career | ☐ Persistent 45% | ☐ School Zone | ☐ 35% Range 2 | |
| ☐ RepeatViolent | ☐ Career 60% | ☐ Gang Related | ☐ 40% Range 3 | CIRCUIT COURT CLERK |
| | ☐ Violent 100% | | | SEVIER COUNTY, TN |

| | | | | | |
|---|---|---|---|---|---|
| Sentenced to: | Years | Months | Days | Life | ☐ Life Without Parole ☐ Death |
| | Mandatory Minimum Sentence ( 39-17-417, 39-13-513, 39-13-514 in school zone or 55-10-401 - 4th Offense) |
| ☐ County Jail ☐ Workhouse | Years | Months | Days | Hours | Week-ends Periodic: ( ) |
| | Mandatory Minimum Sentence ( 39-17-417, 39-13-513, 39-13-514 in school zone or 55-10-401 - 4th Offense) |
| | Period of Incarceration to be Served Prior to Release on Probation Months Days Hours (Misdemeanor Only) |
| | % Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only) |
| ☐ Probation ☐ Diversion | Years | Months | Days | Effective: |
| ☐ Community Based Alternative | Years | Months | Days | Hours | Week-ends |

Specify:

Pretrial Jail Credit Period: from / / to / / from / / to / / or Number of Days:

| Court Ordered Fees and Fines: | Restitution |
|---|---|
| Criminal Injuries Compensation Fund | Victim Name |
| Supervision | Address |
| Child Support | |
| Court Costs | Total Amount $ $ Per month |
| Fine Assessed | ☐ Unpaid Community Service: Hours Days Weeks Months |
| Sex Offender Tax | Cost To Be Paid By ☐ Defendant ☒ State |

☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.

☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

Special Conditions:

| | | |
|---|---|---|
| **REX HENRY OGLE** | Judge's Signature | / / |
| Judge's Name | | Date of Entry of Judgment |
| | Attorney for State/Signature (optional) | Defendant's Attorney/Signature (optional) |

Appendix
Page 23

A-42

Case: 24-5099   Document: 12   Filed: 08/09/2024   Page: 67

# IN THE CRIMINAL/CIRCUIT COURT OF **SEVIER** COUNTY, TENNESSEE

| | | |
|---|---|---|
| Case Number: **8611** | Count: **14** | Attorney for the State **STEVEN R. HAWKINS** |
| Judicial District **04** | Judicial Division | Counsel for Defendant **PRO-SE** |
| Retained ☐ Appointed ☐ Public Defender ☐ | | |

Sta... ...nnessee
...s.
Defen

**DENNIS R. BOLZE**

Alias

Date of Birth **11/28/1948**  Sex **M**  Race **WHITE**  SSN ▓▓▓▓

From Indictment # **8611**  Warrant #  TDOC #

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

n the **28th** day of **August**, **2001**, the defendant,

☐ Pled Guilty   ☒ Dismissed/Nolle Prosequi   Filing Date / /
☐ Nolo Contendere   ☐ Retired/Unapprehended Defendant
☐ Guilty Plea - Pursuant to 40-35-313

Indictment: Class (circle one): 1st  A  B  C  D  (E)  ☒ Felony ☐ Misdemeanor

Offense **FAILURE TO FILE SALES TAX RETURN**

Amended Charge

Offense date / /

Conviction offense   County **SEVIER**

TCA#:   Sentence-imposed date / /

Conviction class (circle one): 1st  A  B  C  D  E  ☐ Felony ☐ Misdemeanor

Found: ☐ Guilty ☐ Not Guilty
☐ Jury Verdict ☐ Not Guilty by Reason of Insanity
☐ Bench Trial

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☐ Sentence Reform Act of 1989
Offender Status (Check One)
(Other than 1st degree murder)
☐ Mitigated
☐ Standard
☐ Multiple
☐ Persistent
☐ Career
☐ Repeat Violent

Release Eligibility (Check One)
(Other than 1st degree murder)
☐ Mitigated 20%
☐ Mitigated 30%
☐ Standard 30%
☐ Multiple 35%
☐ Persistent 45%
☐ Career 60%
☐ Violent 100%

☐ 1st Degree Murder
☐ Multiple Rapist 100%
☐ Child Rapist 100%
☐ Repeat Violent 100%
Misc. (If applicable)
☐ School Zone
☐ Gang Related

☐ Pre 1982   Sentence:
☐ Sentence Reform Act of 1982
☐ 30% Range 1
☐ 35% Range 2
☐ 40% Range 3

Concurrent with:

```
     CIRCUIT COURT
        FILED
   HOUR          M

   SEP 20 2001

 JANETTE LAYMAN BALLARD
 CIRCUIT COURT CLERK
 SEVIER COUNTY, TN
```

Consecutive to:

d to:   Sentenced Length:

Years   Months   Days   Life   Life Without Parole   Death

Mandatory Minimum Sentence ( ___ 39-17-417, 39-13-513, 39-13-514 in school zone or ___ 55-10-401 - 4th Offense)

☐ County Jail ☐ Workhouse   Years   Months   Days   Hours   Week-ends   Periodic:(

Mandatory Minimum Sentence ( ___ 39-17-417, 39-13-513, 39-13-514 in school zone or ___ 55-10-401 - 4th Offense)

Period of Incarceration to be Served Prior to Release on Probation   Months   Days   Hours (Misdemeanor Only)

___ % Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation ☐ Diversion   Years   Months   Days   Effective:
☐ Community Based Alternative   Years   Months   Days   Hours   Week-ends
Specify:

Jail Credit Period: from / / to / / from / / to / / or Number of Days:

Ordered Fees and Fines:
___ Criminal Injuries Compensation Fund
___ Supervision
___ Child Support
___ Court Costs
___ Fine Assessed
___ Sex Offender Tax

Cost To Be Paid By
☐ Defendant ☒ State

Restitution
Victim's Name
Address
Total Amount $ ___ $ ___ Per month
☐ Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months

al Conditions:
☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

**HENRY OGLE**
Judge's Name

Judge's Signature

Date of Entry of Judgment / /

Attorney for State/Signature (optional)   Defendant's Attorney/Signature (optional)

Appendix
page 24

A-45



Case: 24-5409   Document: 12   Filed: 05/09/2024   Page: 69

# IN THE CRIMINAL/CIRCUIT COURT OF    SEVER    COUNTY, TENNESSEE

| | | | | |
|---|---|---|---|---|
| Case Number: | **8611** | Count#: | **15** | Attorney for the State    STEVEN R. HAWKINS |
| Judicial District | **04** | Judicial Division | | Counsel for Defendant    PRO-SE |

☐ Retained ☐ Appointed ☐ Public Defender

State of Tennessee

Defendant    **DENNIS R. BOLZE**     Alias

| | | | | |
|---|---|---|---|---|
| Date of Birth | **11/28/1948** | Sex **M** | Race **WHITE** | SSN ▬▬▬▬ |
| from Indictment # | **8611** | Warrant # | | TDOC # |

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

On the **28th** day of **August** , **2001** , the defendant:

Filing Date   /   /

☐ Pled Guilty    ☒ Dismissed/Nolle Prosequi

☐ Nolo Contendere    ☐ Retired/Unapprehended Defendant

☐ Guilty Plea - Pursuant to 40-35-313

Found:

☐ Jury Verdict    ☐ Guilty    ☐ Not Guilty

☐ Bench Trial    ☐ Not Guilty by Reason of Insanity

Indictment: Class (circle one): 1st   A   B   C   D   Ⓔ   ☒ Felony   ☐ Misdemeanor

Offense **FAILURE TO FILE SALES TAX RETURN**

Amended Charge

Offense date   /   /     County   **SEVIER**

Conviction offense

TCA#      Sentence-imposed date   /   /

Conviction class (circle one): 1st   A   B   C   D   E   ☐ Felony ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

Concurrent with:

Offender Status (Check One) (other than 1st degree murder)

☐ Mitigated   ☐ Standard   ☐ Multiple   ☐ Career   ☐ RepeatViolent

Release Eligibility (Check One) (Other than 1st degree murder)

☐ Mitigated 20%   ☐ Mitigated 30%   ☐ Standard 30%   ☐ Multiple 35%   ☐ Persistent 45%   ☐ Career 60%   ☐ Violent 100%

☐ Multiple Rapist 100%   ☐ Child Rapist 100%   ☐ Repeat Violent 100%

Misc. (if applicable)

☐ School Zone   ☐ Gang Related

☐ 1st Degree Murder

☐ Pre 1982    Sentence:

☐ Sentence Reform Act of 1982

☐ 30% Range 1   ☐ 35% Range 2   ☐ 40% Range 3

☐ Sentence Reform Act of 1989

CIRCUIT COURT

Consecutive to:   FILED

HOUR     M

**SEP 2 0 2001**

CIRCUIT COURT CLERK
SEVIER COUNTY, TN

Sentenced Length:    ___ Years ___ Months ___ Days ___ Life ___ Life Without Parole ___ Death

Mandatory Minimum Sentence (    39-17-417, 39-13-513, 39-13-514 in school zone or    55-10-401 - 4th Offense)

___ Years ___ Months ___ Days ___ Hours ___ Week-ends ___ Periodic:(

Mandatory Minimum Sentence (    39-17-417, 39-13-513, 39-13-514 in school zone or    55-10-401 - 4th Offense)

Period of Incarceration to be Served Prior to Release on Probation ___ Months ___ Days ___ Hours (Misdemeanor Only)

___ % Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative Programs (Misdemeanor Only)

☐ Probation ☐ Diversion    ___ Years ___ Months ___ Days   Effective:

☐ Community Based Alternative    ___ Years ___ Months ___ Days ___ Hours ___ Week-ends

☐ County Jail ☐ Workhouse

Modify:

Jail Credit Period: from   /   /   to   /   /   from   /   /   to   /   /   or Number of Days:

Ordered Fees and Fines:

___ Criminal Injuries Compensation Fund
___ Supervision
___ Child Support
___ Court Costs

Restitution
Victim Name
Address

Total Amount $ ___   $ ___ Per month
Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months

___ Fine Assessed
___ Sex Offender Tax

Cost To Be Paid By
☐ Defendant ☒ State

Special Conditions:

☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

| | | |
|---|---|---|
| HON. HENRY OGLE | _(signature)_ | /   / |
| Judge's Name | Judge's Signature | Date of Entry of Judgment |
| | Attorney for State Signature (optional) | Defendant's Attorney/Signature (optional) |

Appendix
page  25

A-4b

Case: 24-5499   Document: 12   Filed: 05/09/2024   Page: 70

# CRIMINAL/CIRCUIT COURT OF **SEVIER** COUNTY, TENNESSEE

| | | | |
|---|---|---|---|
| Case | 8611 | County | 16 |

Attorney for the State   STEVEN R. HAWKINS

Judicial District **04**   Judicial Division

Counsel for Defendant   PRO-SE

☐ Retained   ☐ Appointed   ☐ Public Defender

State ... ssee
s.
efe.

DENNIS R. BOLZE   Alias ▆▆▆▆

Date of Birth **11/28/1948**   Sex **M**   Race **WHITE**

SSN ▆▆▆▆

rom Indictment # **8611**   Warrant #   TDOC #

TBI Document Control #

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.

n the **28th** day of **August** **2001**, the defendant:   Filing Date   / /

☐ Pled Guilty   ☒ Dismissed/Nolle Prosequi   Indictment: Class(circle one): 1st  A  B  C  D  (E)  ☒ Felony  ☐ Misdemeanor

☐ Nolo Contendere   ☐ Retired/Unapprehended Defendant   Offense **FAILURE TO FILE SALES TAX RETURN**

☐ Guilty Plea - Pursuant to 40-35-313   Amended Charge

t found:   ☐ Guilty   ☐ Not Guilty   Offense date / /   County   **SEVIER**

☐ Jury Verdict   ☐ Not Guilty by Reason of Insanity   TCA#

☐ Bench Trial   Conviction offense

Sentence-imposed date / /

Conviction class(circle one): 1st  A  B  C  D  E  ☐ Felony  ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference
herein, the Court's findings and rulings are:

☐ Sentence Reform Act of 1989   ☐ 1st Degree Murder   Concurrent with:

ender Status (Check One)   Release Eligibility (Check One)
ther than 1st degree murder)   (Other than 1st degree murder)   ☐ Pre 1982   Sentence:

☐ Mitigated   ☐ Mitigated 20%   ☐ Multiple Rapist 100%

☐ Standard   ☐ Mitigated 30%   ☐ Child Rapist 100%   ☐ Sentence Reform Act of 1982

☐ Multiple   ☐ Standard 30%   ☐ Repeat Violent 100%

☐ Persistent   ☐ Multiple 35%   Misc. (if applicable)   ☐ 30% Range 1

☐ Career   ☐ Persistent 45%   ☐ School Zone   ☐ 35% Range 2

☐ RepeatViolent   ☐ Career 60%   ☐ Gang Related   ☐ 40% Range 3

☐ Violent 100%

CIRCUIT COURT
FILED

Consecutive to:

**SEP 20 2001**

JOSEPH ... WARD
... COURT
SEVIER COUNTY, TN

ed to:   Sentenced Length:

Years   Months   Days   Life   Life Without Parole   Death
Mandatory Minimum Sentence (  39-17-417, 39-13-513, 39-13-514 in school zone or   55-10-401 - 4th Offense)

☐ County Jail  ☐ Workhouse   Years   Months   Days   Hours   Week-ends   Periodic:(  )
Mandatory Minimum Sentence (  39-17-417, 39-13-513, 39-13-514 in school zone or   55-10-401 - 4th Offense)

Period of Incarceration to be Served Prior to Release on Probation   Months   Days   Hours (Misdemeanor Only)

% Minimum Service Prior to Eligibility for Work Release, Furlough, Trusty Status and Rehabilitative
Programs (Misdemeanor Only)

☐ Probation  ☐ Diversion   Years   Months   Days  Effective:

☐ Community Based Alternative   Years   Months   Days   Hours   Week-ends

Modify:

☐ Jail Credit Period: from  / /  to  / /   from  / /  to  / /   or Number of Days:

☐ Ordered Fees and Fines:   Restitution

_____ Criminal Injuries Compensation Fund   Victim Name

_____ Supervision

_____ Child Support   Address

_____ Court Costs

_____ Fine Assessed   Total Amount $ _____ $ _____ Per month

_____ Sex Offender Tax   Cost To Be Paid By   ☐ Unpaid Community Service: _____ Hours _____ Days _____ Weeks _____ Months
☐ Defendant  ☒ State

al Conditions:   ☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.
☐ Pursuant to 39-13-524 the defendant is sentenced to community supervision for life following sentence expiration.

REX HENRY OGLE
Judge's Name   Judge's Signature   / /   Date of Entry of Judgment

Attorney for State/Signature (optional)   Defendant's Attorney/Signature (optional)

A-47

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 71

## IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE

STATE OF TENNESSEE

VS.

DENNIS R. BOLZE

NO: 8611

CIRCUIT COURT CLERK
HOUR _____ M
AUG 2 6 2003
JANETTE LAYMAN-BALLARD
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

---

### MOTION FOR UNSUPERVISED PROBATION

---

Comes the Defendant, Dennis Bolze, by and through counsel and moves this Court for an order allowing unsupervised probation; and in support of said motion would show:

1.  That Defendant, Dennis Bolze, was completed all terms and conditions of probation.

2.  That Defendant, Dennis Bolze, has paid all fines, costs and restitution.

3.  That Defendant, Dennis Bolze, has been a model probationer.

4.  That this Motion for Unsupervised Probation is not opposed by the Probation Office.

5.  That the Defendant, Dennis Bolze, has no prior convictions, and supervised probation is no longer necessary.

Respectfully submitted this _____ day of August, 2003.

SCOTT LAW GROUP

Dennis C. Campbell, BPR #013181
100 East Main Street, Suite 400
Sevierville, TN 37862
(865) 453-3300
Attorneys for Defendant

A-48

## CERTIFICATE OF SERVICE

I, Dennis C. Campbell, certify that I have forwarded a true and exact copy of the foregoing Motion for Unsupervised Probation, postage prepaid, this _20th_ day of August, 2003, to:

Steven R. Hawkins
Assistant Attorney General
125 Court Avenue, Suite 301-E
Sevierville, TN   37862

Dennis C. Campbell

S:\DOCS\3676G Bolze, Dennis\motion for unsupervised probation.wpd

A-49

Case: 24-5192     Document: 12     Filed: 05/09/2024     Page: 73

## IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE

STATE OF TENNESSEE

VS.

DENNIS R. BOLZE

CIRCUIT COURT
FILED
HOUR _____ M.
AUG 2 6 2003
JANE E _____
CIRCUIT COURT CLERK
SEVIER COUNTY, TN

NO: 8611

---

## ORDER FOR UNSUPERVISED PROBATION

On motion for unsupervised probation and for good cause shown,

IT IS HEREBY ORDERED,

1.     That Defendant, Dennis Bolze is hereby granted unsupervised probation.

ENTERED this 26 day of August, 2003.

_____
JUDGE

APPROVED:

SCOTT LAW GROUP

_____
Dennis C. Campbell, BPR #013181
100 East Main Street, Suite 400
Sevierville, TN 37862
(865) 453-3300
Attorneys for Defendant

_____
Steven R. Hawkins
Assistant Attorney General
125 Court Avenue, Suite 301-E
Sevierville, TN  37862

A-50

S:\DOCS\3676G Bolze, Dennis\order for unsupervised probation.wpd

**EXHIBIT B**

(Pennsylvania State Court Trial Record)

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 75

Form H-296

# IN THE COURT OF COMMON PLEAS OF
# DAUPHIN COUNTY-CRIMINAL-DIVISION

19___

NAME BOLZE, DENNIS R.    CASE # 82144 CD 99

CHARGE _____

ADDRESS 204 ZODER DRIVE

GATLINBURG, TN  37738

OATH OF MICHAEL L DEFEBO, JR
OFFICE OF A.G.

DR 7-12-99

BAIL 7-8-99 ROR

OTN F 177159-3

Notice of Formal Arraignment 8-12-99
AG 2/23/01
D.A. Information Filed 7-21-99 Amended

R ___ S M ___ DOB 11-28-48

S.S.# 208 — 38 — 7258

Praecipe Filed 8-18-99

ARRAIGNMENT 8-20-99  JURY ✓  DEFENDENT REQUESTS COURT ___ GP ___    TRIAL SET FOR 10-11-9 9

| | |
|---|---|
| | 11/12/99 (11/10/99) MOTION FOR CONTINUANCE & ORDER, FILED. CONT TO Jan 2000 |
| | 1 0 JAN 2000 Guilty Plea Colloquy, Filed |
| Turgeon | 1 0 JAN 2000 Change of Plea, |
| Zeiser | The defendant in Open Court pleads guilty |
| Pinsky | 1 0 JAN 2000 Sentence deferred, March 13, 00 9:00 |
| | 3/10/00 (3/3/00) MOTION FOR CONTINUANCE & ORDER, FILED. CONT TO May 30 |
| | 5/11/00 Order filed & Motion for Continuance Con't |
| | June 21, 2000. |
| Def/Foster | 4/19/00 Motion for Continuance of Sentencing + |
| Judge Turgeon | 6/20/00 Order Continuance granted to Sept. 1 |
| | 2000, filed |
| Comm/Zeiser/AG | 6/20/00 DA's half slip (Continuance) filed |
| Def/Foster | 9-15-00 Motion for Continuance of Sen |
| Turgeon | 9-15-00 Order, Case continued until |
| | Dec. 1, 00, filed |
| Def/Foster | 11-28-00 Motion for continuance, filed |
| Turgeon | 11-30-00 Order MOTION FOR CONTINUANCE & ORDER, FILED. CONT TO Feb |
| | 12, 2001 at 1:00 PM. |
| DEF/Foster/Pin | 2/8/01 Motion For Continuance Of Sentencing filed |
| Turgeon | 2-12-01 Sentencing - Ct 1-24 Dismissed |
| Zeiser | Ct 25 - 24 mos Foster (Prison) to pay 1500. |
| Foster | E+C, Ct 26 + 27 24 mos I.P. consec. w. ct |
| | To pay 1500.- E+C ea. ct. See judges ... |

| JUSTICE BRIDGES | 9 | 9 | STATE FINE | | | CONSTABLE | | |
|---|---|---|---|---|---|---|---|---|
| ACT 14 / DNA | | | LOCAL FINE | | | CAPIAS | | |
| ACT 24 / CAT | | | COUNTY FINE | 1500 | — | | | 175C |
| ACT 35 / CVC | 15 | — | JUSTICE CO | 20 | 53 | | | |
| ACT 35 / CC | 25 | — | CLERKS CTS. FEE | 123 | — | | | |
| ACT 45 / EMS | | | DIST. ATTY. FEE | 18 | — | | | |
| ACT 59 / JCP | 5 | — | SHERIFF'S FEE | | | | | |
| ACT 121 / EMS | | | CERTIFICATION | | | | | |
| ACT 140 / PSP LAB | | | ARD FEE | | | | | |
| ACT 157 / DV | 10 | — | PRISON DUI | | | | | |
| ACT 158 / PF | 5 | — | DRUG & ALCH. DUI | | | | | |
| ACT 167 / JPI | 14 | 08 | CRN TEST | | | | | |
| Act 36 AF | 5 | — | DUI SCHOOL | | | | | |

COMMONWEALTH OF PENNSYLVANIA

vs.

DENNIS R. BOLZE

: IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
: NO(S): 2144 C.D. 1999
:
: CHARGE(S): Theft By Failure To Make Required
: Disposition (27)

I, _____Dennis R. Bolze_____, have been advised of the offense(s) charged in the criminal information(s) against me by the District Attorney of Dauphin County and I/my lawyer have received a copy(ies) thereof.

I have been advised and I fully understand that I/my lawyer have the right to request discovery or disclosure from the District Attorney as provided by the Rules of Criminal Procedure within fourteen (14) days of today's arraignment date.

I have been advised and I fully understand that I/my lawyer have the right to file with the Court any pre-trial applications for relief in the form of a single omnibus pre-trial motion as provided by the Rules of Criminal Procedure within thirty (30) days of today's arraignment date.

I hereby enter a plea of _____Not Guilty_____ to the above charge(s) and request trial by _____Jury_____.

Trial date is scheduled for _____Oct. 11, 1999_____ at

8:30 A.M. Appear at the Registration desk, second floor, Court House, for courtroom

assignment.

I have been advised that the District Attorney of Dauphin County intends to try all of the above captioned criminal offenses and all of the additional criminal cases listed below in one single trial.

Additional Cases Joined for Trial:

RECEIVED
AUG 24 1999
CLERK OF COURTS
DAUPHIN COUNTY

_____8/20/99_____
Date

_____
Defendant

_____Peter B. Foster_____
Attorney for Defendant

_____
Attorney for Commonwealth

**White:** Clerk of Courts' Copy
**Yellow:** District Attorney's Copy
**Pink:** Defense Counsel's Copy
**Gold:** Defendant's Copy

Case: 24-5192   Document: 12   Filed: 05/09/2024   Page: 77

DEFENDANT _____

*Dennis Bolze*

JUDGE _____ *Turgon*

CLERK _____ *T. G*

DOCKET # *2144CD99*   DATE *1-10-00*

DISTRICT ATTY *Zieses*

DEFENSE ATTY *Pinsbey*

INFORMATION [ ] YES [ ] NO

## PLEA

PLEA [ ] GUILTY / COLLOQUY [✓] WRITTEN

    [ ] NOLLO       [ ] ORAL

[ ] COSTS / FINE (amount) _____

[ ] RESTITUTION _____

[ ] CONTINUANCE _____

[ ] RULE 1100 WAIVED _____

[ ] CAPIAS TO ISSUE    [ ] FORFEIT BAIL

PROBATION - COUNTY _____ STATE _____

REVOKE:  [ ] PROBATION  [ ] PAROLE  [ ] IP

    SERVE BALANCE _____

[ ] MOTOR VEHICLE INVOLVED - [ ] COMM [ ] HAZ

[ ] ACT 122 TREATMENT (drug / alcohol)

[ ] COMMUNITY SERVICE _____ hrs.

### CHARGE

OTN #: *E 17159 - 3*

*1-27  Theft by failure to make*
*Reg. Disp # ami*

### SUMMARY APPEAL

[ ] DISTRICT JUSTICE DECISION UPHELD (same)

[ ] APPEAL SUCCESSFUL (favorable to defendant)

[ ] APPEAL UNSUCCESSFUL (DJ decision amended)

FINE _____ OFF _____

NOL PROS - COSTS TO: [ ] COUNTY [ ] DEFENDANT

[✓] SENTENCE DEFERRED *1.3 months*  *9:19 AM*

PRE-SENTENCE REPORT: [ ] COUNTY [ ] STATE

[ ] CONFISCATE    [ ] DESTROY

  [ ] DRUGS [ ] PARA [ ] MONEY [ ] LICENSE

  [ ] OTHER _____

[ ] INTERMEDIATE PUNISHMENT _____ mos.

[ ] WORK RELEASE (RJP) _____ mos....followed by

    _____ mos [ ] EL MT [ ] IP TR [ ] IT SP

OTHER _____

_____

_____

| [ ] *DCP* | | | [ ] *SCI* | | |
|---|---|---|---|---|---|
| not more than **DAYS** | not less than **DAYS** | not more than **MOS.** | not less than **MOS.** | not more than **YEARS** | not less than **YEARS** |
| | | | | | |

COMPUTED FROM *1-10-00* CONCURRENT WITH _____ CONSECUTIVE WITH _____

FILE

"_____"

ENTERED BY

CC 17 10/97

*4*

JUDGE _____

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

VS : DAUPHIN COUNTY, PENNSYLVANIA

DENNIS BOLZE : No. 2144 CD 1999

## ORDER

AND NOW, this 12th day of February, 2001, the Defendant is sentenced to intermediate punishment for twenty-four months concurrent, a fine of $250 at each count, court costs, maintain full-time employment, maintain current taxes, and make regular payment on fees, fines, and costs.

BY THE COURT:

Jeannine Turgeon, Judge

Distribution: 2/22/01
George R. Zaiser, Esq., Deputy Attorney General, Tax Crimes
       Unit, Strawberry Square, Harrisburg, Pa. 17120
Peter Foster, Esq., 121 South St., Harrisburg, Pa. 17101
Dauphin Co. Adult Probation

RECEIVED

2001 FEB 22  A 11: 05

DAUPHIN COUNTY
CLERK OF COURTS

EXHIBIT C

(Presentencing Investigation Report)

| | | | | | |
|---|---|---|---|---|---|
| 82. | 08/09/1978 (Age 29) | Theft by Deception (2 Counts) Case No. OTN# A486414-5 Cumberland County District Court Harrisburg, PA | 08/09/1978: Pled guilty; sentenced to pay fines, restitution and costs | 4A1.2(e)(3) | 0 |

Cumberland County officials advised that due to the age of the case, records are no longer available. The disposition was retrieved from NCIC records.

| | | | | | |
|---|---|---|---|---|---|
| 83. | 05/18/1999 (Age 50) | Willful Failure to Remit Sales Tax (3 Counts) Docket No. 2144-1999 Dauphin County Court of Common Pleas Harrisburg, PA | 02/12/2001: Pled guilty; as to each count, sentenced to 24 months intermediate punishment, concurrent, $250 fine | 4A1.1(c) | 1 |

The defendant was represented by counsel. Twenty-seven counts of Theft by Failure to Make Required Disposition of Funds Received were dismissed. Those counts alleged the defendant failed to make the required payments or disposition to the Department of Revenue at Harrisburg, Commonwealth of Pennsylvania, while he owned Where on Earth, Inc. The alleged amount of money the defendant owed to the Department of Revenue was $154,566.63.

Regarding the counts of conviction, records reflect that the defendant maintained a place of business called Where on Earth, Inc., in the Commonwealth of Pennsylvania, and sold items and/or services which were subject to tax. The defendant failed to remit sales tax that was collected, to the Pennsylvania Department of Revenue.

| | | | |
|---|---|---|---|
| 84. | 05/30/2001 (Date filed) (Age 52) | Counts 1-4: Failure to File Tax Return Case No. CR8611 Criminal Court Sevierville, TN | 09/20/2001: Pled guilty to all counts Ct. 1: Sentenced to 2 years Tennessee Department of Correction (TDOC); suspended to 2 years probation Ct. 2: Sentenced to 2 years TDOC; suspended to 2 years probation, consecutive to Ct. 1 |

18

| 05/30/2001 cont . . . | | Ct. 2: Sentenced to 2 years TDOC; suspended to 2 years probation, consecutive to Ct. 1 | 4A1.1(c) | 1 |
| | | Ct. 3: Sentenced to 2 years TDOC; suspended to 2 years probation, consecutive to Ct. 2 | | |
| | | Ct. 4: Sentenced to 2 years TDOC; suspended to 2 years probation, concurrent with Ct. 3 & consecutive to Ct. 2 | | |
| | | 08/26/2003: Court ordered discharge from probation | | |

The defendant was represented by counsel. According to the Sevier County Criminal Court, Counts Five through Sixteen were dismissed on September 20, 2001. Details of the offense have been requested but not received.

## Criminal History Computation

85.  The criminal convictions above result in a subtotal criminal history score of two.

86.  At the time the instant offense was committed, the defendant was on probation for the sentence imposed on February 12, 2001, in the Dauphin Court of Common Pleas for Willful Failure to Remit Sales Tax, and for the sentence imposed on September 20, 2001, in Sevier County Criminal Court Case Number CR8611, Failure to File Tax Returns. Pursuant to USSG §4A1.1(d), two points are added.

87.  The total of the criminal history points is four. According to the Sentencing Table at USSG Chapter 5, Part A, four criminal history points establish a criminal history category of III.

EXHIBIT B

Doc. 277 (Ct. Or. & Memo)

Case: 24-5192   Document: 12   Filed: 05/09/2024   Page: 83

*2/26/2024*
*Delivered at*
*5:00 pm*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:09-CR-93-TAV-DCP-1 |
| | ) | |
| DENNIS R. BOLZE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se Motion to Correct Clerical Error Pursuant to Federal Rules of Criminal Procedure 36 [Doc. 274] and supplement thereto [Doc. 275]. Defendant argues that the presentence investigation report ("PSR") in this case erroneously recorded that he was represented by counsel with regard to a prior felony conviction from 2001, and his sentence therefore inaccurately reflects this prior conviction.

Defendant previously raised this exact argument in a Rule 36 motion [Doc. 218]. The Court denied this motion, explaining:

> Pursuant to Federal Rule of Criminal Procedure 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Sixth Circuit has recognized that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004) (citations omitted) (also noting that "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court"). Like the Second and Seventh Circuits, the Sixth Circuit has noted that Rule 36 "is not a vehicle for the vindication of the court's unexpressed

sentencing expectations, or for the correction of errors made by the court itself." *Id.* at 656–57 (citations omitted).

Here, defendant frames his motion as one for a clerical error, but he essentially objects to the PSR and asks for a recalculation of his criminal history points and resulting criminal history category. The Court finds that it does not have authority to recalculate the defendant's criminal history category or to amend the defendant's judgment as a result. Amending the judgment to change the defendant's criminal history category used in sentencing would not qualify as the sort of clerical error amendment authorized by the Sixth Circuit under Rule 36. Additionally, Local Rule 83.9 provides that "[w]ithin 14 days after the [PSR] is filed with the Court, the parties shall file with the Court any objections they may have as to any material information, sentencing classification, sentencing guideline ranges, and policy statements contained in or omitted from the Report." That is the period during which defendant may object to the information contained or errors made in the PSR and have them corrected. Now, over ten years after judgment was entered, the time for objections has passed.

Even if the Court were to interpret this request as one for a sentence reduction, a court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Defendant has not identified any statutory authority that may allow the Court to modify his sentence.

Defendant's relief requested does not amount to a clerical error but is more akin to an objection to the PSR or request for a sentence reduction. Any objection would be untimely and therefore waived, and the Court has no statutory authority to change his sentence.

[Doc. 234, pp. 2–3]. For the same reasons, defendant's instant motion [Docs. 274, 275] is

**DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

2

EXHIBIT C

(United States v. Goddard)

**UNITED STATES OF AMERICA, Plaintiff-Appellee, v. CALVIN LEE GODDARD, Defendant-Appellant.**

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

**2020 U.S. App. LEXIS 5277**

**No. 19-5834**

**February 20, 2020, Filed**

**Notice:**

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.**

**Editorial Information: Prior History**

United States v. Goddard, 638 F.3d 490, 2011 U.S. App. LEXIS 4956 (6th Cir.), 2011 FED App. 65A (6th Cir.) (6th Cir. Ky., Mar. 11, 2011)

**Counsel**                    {2020 U.S. App. LEXIS 1}For United States of America, Plaintiff - Appellee: James Tyler Chapman, Charles P. Wisdom Jr., Assistant U.S. Attorney, Office of the U.S. Attorney, Lexington, KY.

Calvin Lee Goddard, Defendant - Appellant, Pro se, Tazewell, VA.

**Judges:** Before: GRIFFIN, KETHLEDGE, and STRANCH, Circuit Judges.

**Opinion**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

<u>ORDER</u>

Calvin Lee **Goddard**, a pro se federal prisoner, appeals a district court order denying his Federal Rule of Criminal Procedure 36 motion to correct a clerical **error** contained in his judgment of conviction and sentence. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2008, **Goddard** pleaded guilty to attempting to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. However, the judgment of conviction and sentence indicated that **Goddard** had pleaded guilty to an offense, in violation of 21 U.S.C. § 841. The district court sentenced **Goddard** to 180 months of imprisonment. We affirmed. *United States v. Goddard*, 638 F.3d 490 (6th Cir. 2011).

In July 2019, **Goddard** filed his Rule 36 motion, arguing that he is entitled to have his judgment of conviction and sentence corrected because it inaccurately reflects that he pleaded guilty{2020 U.S. App. LEXIS 2} to a violation of § 841, instead of § 846. He also requested sentencing without the career-offender enhancement in light of this court's decision in *United States v. Havis*, 907 F.3d 439

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 87

(6th Cir. 2018). The district court denied the motion, concluding that Rule 36 was not the proper mechanism for **Goddard** to seek resentencing based on his allegedly improper career-offender status. In his motion for reconsideration, **Goddard** argued that his Rule 36 motion properly sought correction of a "scrivener's **error**" in his judgment of conviction and sentence. The district court denied the motion in light of Goddard's request for substantive changes to his sentence.

On appeal, **Goddard** argues that the district court erred when it declined to correct the **error** in his judgment of conviction and sentence, and he reasserts his challenge to his sentence based on *Havis.* **Goddard** contends that his career-offender sentence is invalid because the district court lacked jurisdiction to sentence him based on a charge that allegedly does not constitute a federal offense and that his trial attorney was ineffective for failing to challenge the indictment on that basis. In addition, **Goddard** requests that this court recall the mandate issued in Case No. 16-5706 after the court affirmed the**{2020 U.S. App. LEXIS 3}** district court's denial of his 18 U.S.C. § 3582(c)(2) motion. In response, the government concedes that Goddard's judgment of conviction and sentence is inaccurate but argues that the district court did not err when it declined to correct the **error** because: (1) **Goddard** allegedly did not request that the **error** be corrected until he filed his motion for reconsideration; and (2) the district court had the discretion to deny a request to correct the **error** because the mistaken reference to § 841 does not affect the validity of Goddard's sentence or his ability to challenge his career-offender status. **Goddard** moves to proceed in forma pauperis on appeal.

When reviewing a district court's denial of a Rule 36 motion, we review the district court's factual findings for clear **error** and its legal conclusions de novo. *United States v. Robinson*, 368 F.3d 653, 655-56 (6th Cir. 2004). Under Rule 36, a district court "may at any time" correct a clerical **error** in a judgment or in the record arising from an oversight or omission. Fed. R. Crim. P. 36. To qualify for correction under Rule 36, "[a] clerical **error** must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (quoting *Robinson*, 368 F.3d at 656).

The district court erred when it denied Goddard's**{2020 U.S. App. LEXIS 4}** request to correct his judgment of conviction and sentence to reflect accurately his offense of conviction. It is undisputed that Goddard's judgment of conviction and sentence incorrectly indicates that he pleaded guilty to a violation of § 841, instead of § 846. And contrary to the district court's and the government's characterization of Goddard's Rule 36 motion, **Goddard** *did* request that the **error** be corrected, even though he also requested to be resentenced without the career-offender designation. **Goddard** expressly stated that "*not only* [is he] entitled to have his Judgment corrected, but . . . he is eligible under the **plain error** doctrine to be re-sentenced minus the Career Offender under *Havis.*" (emphasis added). Therefore, the government is wrong that he forfeited this issue by not initially making his request in his Rule 36 motion. Finally, the **error** in Goddard's judgment of conviction and sentence is exactly the type of typographical **error** contemplated by Rule 36, and the **error** should have been corrected upon the filing of Goddard's motion. The government notes that Rule 36 is "permissive," *see United States v. Bennett*, 423 F.3d 271, 277 & n.4 (3d Cir. 2005); *United States v. Carr*, 421 F.3d 425, 432 (6th Cir. 2005), and argues that the district court did not abuse its discretion when it denied Goddard's motion because the mistaken**{2020 U.S. App. LEXIS 5}** reference to § 841 does not affect the validity of Goddard's sentence or his ability to challenge his career-offender status. But the government cites no persuasive appellate court authority upholding the denial of a motion to correct an undisputed **error** concerning a defendant's offense of conviction. Nor do we see any good reason to leave the **error** uncorrected.

Goddard's remaining appellate arguments do not warrant relief. To the extent that he asked to be

© 2024 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Case: 24-5192    Document: 12    Filed: 05/09/2024    Page: 88



FOREVER / USA (Forever stamps, multiple)

POSTAL SERVICE®

■ Expected    **Retail**

■ Domestic

■ USPS Trac

■ Limited in

■ When use   RDC 03

*Insurance does not cover certain
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

U.S. POSTAGE PAID
PM
COLEMAN, FL 33521
MAR 21, 2024
45202
$0.00
R2304W120478-02

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

UNITED STATES
POSTAL SERVICE®

**USPS TRACKING #**

9114 9014 9645 0625 7119 00

14F July 2022
: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

FROM:
DENNIS BOLZE
REG. NO. 14425-067
FEDERAL CORRECTION COMPLEX
FCI COLEMAN CAMP
P.O. BOX 1027
COLEMAN, FL 33521-1027

TO:
MR. LEON KORZTKO
CASE MANAGER
U.S. COURT OF APPEALS
100 E. FIFTH STREET, RM. 540
CINCINNATI, OH
45202-3988

---



UNITED STATES
POSTAL SERVICE®

**PRIORITY®**
**MAIL**

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT



To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.

